El Juez Asociado Sr. Wolf disintió.

---

PORTELA, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN SEGUNDA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 2ª., denegando la inscripción de una escritura de liquidación de sociedad mercantil.

No. 210.—Resuelto en febrero 16, 1915.

CÓDIGO DE COMERCIO—CÓDIGO CIVIL ESPAÑOL—VIGENCIA DEL ARTÍCULO 234 DEL CÓDIGO DE COMERCIO.—El artículo 269 del Código Civil Español que desde enero de 1890 estuvo rigiendo en esta isla hasta el año de 1902 en que fué sustituído por el Código Civil revisado, no derogó el artículo 234 del Código de Comercio, que por ser especial no formaba parte del derecho civil común español.

SOCIEDADES MERCANTILES—BIENES DEL CAPITAL SOCIAL—CÓDIGO DE COMERCIO—CÓDIGO CIVIL ESPAÑOL.—El precepto comprendido en el artículo 234 del Código de Comercio es general, sin excepciones ni restricciones de clase alguna y comprende toda clase de sociedades mercantiles, sean cuales· fueren los bienes que constituyen el. capital social.

CÓDIGO DE COMERCIO—VIGENCIA DEL ARTÍCULO 234.—El artículo 234 del Código de Comercio quedó vigente al comenzar a regir en esta isla el Código Civil Español y cuya vigencia es reconocida en el caso de *Calenti y. El Registrador de Caguas,* 14 D. P. R. 692.

AUTORIZACIÓN JUDICIAL — DISOLUCIÓN Y DIVISIÓN DE SOCIEDADES MERCANTILES—MENORES INTERESADOS.—No es necesaria la autorización judicial a que se refiere el artículo 282 del Código Civil revisado para la liquidación y división de una sociedad mercantil, aún cuando esté interesado un menor de edad, por existir el precepto contenido en el artículo 234 del Código de Comercio.

CONSEJOS DE FAMILIA—CÓDIGO CIVIL ESPAÑOL.—El artículo 282 del Código Civil revisado no contiene más innovación que la de sustituir la necesidad de la autorización de la corte de distrito a la necesidad de la autorización del consejo de familia que exigía el artículo 269 del Código Civil Español para los casos en él expresados.

CÓDIGO DE COMERCIO—DEROGACIÓN TÁCITA.—La derogación tácita de las leyes no es favorecida por las cortes; así la intención de derogar los preceptos del Código de Comercio que directa o indirectamente se opongan a las disposiciones del Código Civil revisado no aparece claramente expresada en la disposición final de este último.

Id.—Ley No. 33 de 1911—Vigencia del Artículo 234 del Código de Comercio.—La cláusula derogatoria a que se refiere la sección 3 de la ley No. 33, aprobada en 9 de marzo de 1911, enmendando el artículo 282 del Código Civil, no envuelve la derogación del artículo 234 del Código de Comercio.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José G. Torres.*

El Registrador Sr. José Benedicto compareció por escrito en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de San Juan, Sección 2ª., la escritura de liquidación de la sociedad Sucesores de Sobrino & Cía., S. en C., No. 24, otorgada ante el Notario José G. Torres con fecha 8 de marzo de 1914, para su inscripción en cuanto a una finca rústica marcada con la letra LL adjudicada al socio Manuel Benito Portela, el registrador denegó la inscripción solicitada por medio de nota que copiada a la letra dice así:

"Denegada la inscripción del precedente documento, en cuanto a la finca señalada con la letra LL, adjudicada a Don Manuel Benito Portela y Lomba, y única de que se ha solicitado inscripción, porque Don Ignacio Lomba y Guerrero, tutor de Josefa Lomba y Guerrero, no ha obtenido la autorización judicial correspondiente, por lo que respecta a la referida menor, para el otorgamiento de esta escritura de liquidación; y en su lugar se ha extendido anotación preventiva, por el término legal, al folio 87 del tomo 6º. de Vega Alta, y al folio 10 del tomo 12 de Vega Baja, fincas 301 y 581, anotaciones letras A, en las cuales se han consignado además los defectos subsanables de no haberse presentado los poderes de Don José María Sobrino y Vicente y de Don Manuel Otero y Lomba, citados en este mismo documento; el poder de Eugenio Lomba y Sobrino a Ignacio Lomba y Guerrero, de fecha 9 de abril de 1913 ante el Notario José G. Torres, para otorgar la última prórroga de la sociedad liquidada; de no expresarse el estado de Diego, Manuela y Andrés Lomba y Guerrero; de no describirse separadamente la porción de terreno que corresponde a cada uno de los ayuntamientos de Vega Alta y Vega Baja, y de no expresarse en cuál de las dos porciones que constituyen la totalidad de la finca, radican las casas que contiene la

misma. San Juan, P. R., noviembre 4 de 1914. El registrador. (Firmado) José Benedicto.''

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Manuel Benito Portela, el cual pide su revocación y que se ordene la inscripción solicitada, impugnando la razón legal que sirve de fundamento a la negativa del registrador, sin que haga la más ligera alegación contra los defectos subsanables consignados por el expresado funcionario.

Examinemos la única cuestión legal sometida a la consideración y decisión de esta corte, o sea, la de si procede o nó la inscripción de la escritura de liquidación en cuanto a la finca señalada con la letra LL, por existir una menor representada por tutor, o sea, Josefa Lomba y Guerrero, respecto de la cual no se ha obtenido la autorización correspondiente para el otorgamiento de la escritura de liquidación.

Según reza dicho documento, por escritura otorgada en 22 de octubre de 1908, Manuel Benito Portela y Lomba, Eugenio Lomba y Sobrino, José María Sobrino y Vicente, y Manuel Otero y Lomba, constituyeron una sociedad mercantil en comandita para girar en Vega Baja con la razón de Sucesores de Sobrino & Cía., S. en C., por término de cuatro años, que primero fué prorrogado hasta el 30 de septiembre de 1913, y luego hasta el 31 de enero de 1914, sin que el fallecimiento de cualquiera de los gestores o comanditarios afectara a la sociedad, pues ésta continuaría hasta su vencimiento, salvo disolución por mutuo convenio. Durante la última prórroga falleció en España, en 9 de noviembre de 1913, el socio gestor Don Eugenio Lomba, bajo testamento en que instituyó por herederos a sus hijos Don Ignacio, Don Andrés, Don Diego, Doña Manuela y Doña Josefa Lomba y Guerrero, Don José y Don Ramón Lomba y Arias, y la viuda Doña Engracia Arias y Aristi, habiendo continuado la sociedad sus operaciones hasta el vencimiento de la última prórroga en 31 de enero de 1914.

Don Manuel Benito Portela y Lomba, por su propio derecho y como apoderado además de Don José María Sobrino y Vicente y de Don Manuel Otero y Lomba, y Don Ignacio Lomba y Guerrero, por sí y como tutor de la menor, su hermana Doña Josefa de los mismos apellidos, como apoderado además de Doña Engracia Arias y Aristi, viuda de Don Eugenio Lomba, la cual confería el poder en nombre propio .y como madre con patria potestad sobre sus menores hijos Ramón y José Lomba y Arias, y como apoderado también de Don Diego, Doña Manuela y Don Andrés Lomba y Guerrero, los cuales todos constituían la sucesión testamentaria de Don Eugenio Lomba y Sobrino, practicaron por la escritura de que se deja hecho mérito, de 8 de marzo de 1914, la liquidación de la sociedad Sucesores de Sobrino & Cía., sociedad en comandita.

En esa escritura, después de haberse hecho constar en la cláusula 12ª. que del capital activo de la sociedad, ascendente a $83,134.58, deducido el ·pasivo, o sean $24,334.46 quedaba un sobrante de $59,800.12 (así dice)· de los que correspondían a Don Manuel B. Portela $32,040.97, a Don Manuel Otero y Lomba $15,540.74, a Don José María Sobrino $9,418.42, y a la Sucesión de Don Eugenio Lomba representada por Don Ignacio Lomba $1,800, se hicieron las adjudicaciones respectivas recibiendo Don Manuel B. Portela en pago distintos bienes en metálico, semovientes e inmuebles, entre éstos un predio de terreno compuesto de 126.47 cuerdas marcado en el inventario de bienes con la letra LL, el mismo cuya inscripción ha sido denegada ·por la ·nota recurrida; a Don Manuel Otero se hizo la adjudicación en metálico, en mercaderías y créditos personales; a Don José María Sobrino, en mercaderías, muebles y créditos personales; y al representante de la sucesión de Don Eugenio Lomba se le dió en pago un *check* por $1,800 a cargo del Banco Territorial y Agrícola de Puerto Rico.

Se consignó además en la cláusula 11ª. de la escritura, que aunque a la Sucesión de Don Eugenio Lomba sólo le corres-

pondía en representación de su causante la suma de $891.85, habida cuenta de la irreparable pérdida sufrida con la muerte de Don Eugenio habían convenido Portela por sí y en las representaciones que ostentaba, y el representante de la sucesión de Don Eugenio Lomba, en adjudicar a ésta en pago de su haber $1,800 en vez de los $891.85 que propiamente le correspondían, deduciendo la diferencia de $908.15 de la adjudicación que debía hacerse a Don Manuel B. Portela, la cual con ese descuento quedaba reducida a la ya expresada suma de $32,040.97 en lugar de $32,949.12 que debían corresponderle.

Para pedir que se deje sin efecto la nota recurrida, invoca el recurrente el artículo 234 del Código de Comercio, mientras que el registrador además de sostener que ese artículo sólo era de aplicarse cuando se tratara de bienes muebles, entiende que ha sido derogado por la Ley de 9 de marzo de 1911, cuya sección 3 deroga todas las leyes que estuvieren en conflicto con la misma.

El artículo 234 del Código de Comercio, que ya regía en esta isla cuando se hizo a ella extensivo el Código Civil Español, dice así:

"En la liquidación de sociedades mercantiles en que tengan interés personas menores de edad o incapacitadas, obrarán el padre, madre o tutor de éstas, según los casos, con plenitud de facultades como en negocio propio, y serán válidos e irrevocables, sin beneficio de restitución, todos los actos que dichos representantes otorgaren o consintieren por sus representados, sin perjuicio de la responsabilidad que aquellos contraigan para con éstos por haber obrado con dolo o negligencia."

Ese precepto es general sin excepciones ni restricciones de clase alguna y comprende toda clase de sociedades mercantiles, sean cuales fueren los bienes que constituyan el capital social.

El Código Civil Español que desde enero de 1890 estuvo rigiendo en esta isla hasta el año 1902 en que fué sustituído por el Código Civil Revisado, establecía en su artículo 269

que el tutor necesitaba autorización del consejo de familia entre otros actos para enajenar o gravar bienes que constituyeran el capital de los menores o incapaces, o hacer contratos o actos sujetos a inscripción, y para proceder a la división de la herencia o de otra cosa que el menor o incapaz poseyera en común.

Ese artículo no derogó el 234 ya transcrito del Código de Comercio, pues la disposición final comprendida en el artículo 1976 del Código Civil Español contiene la siguiente cláusula derogatoria:

"Artículo 1976.—Quedan derogados todos los cuerpos legales, usos y costumbres que constituyen el derecho civil común en todas las materias que son objeto de este Código, y quedarán sin fuerza y vigor, así en su concepto de leyes directamente obligatorias como en el de derecho supletorio. Esta disposición no es aplicable a las leyes que en este Código se declaran subsistentes."

La cláusula derogatoria de referencia, se refiere como indica su texto a los cuerpos legales, usos y costumbres que constituían el derecho civil común español en todas las materias que son objeto del Código Civil, pero no afecta al Código de Comercio que por ser especial no formaba parte del derecho civil común español.

El artículo 234 del Código de Comercio quedó vigente al comenzar a regir en esta isla el Código Civil Español.

Esa vigencia fué reconocida por esta Corte Suprema en resolución de 27 de junio de 1908 al decidir en el caso de *Calenti* v. *El Registrador de la Propiedad de Caguas,* 14 D. P. R., 692, que con arreglo al artículo 234 del Código especial de Comercio, no necesitaba el tutor Don Cándido Fariña y Sepúlveda la autorización del consejo de familia de sus hermanos menores de edad para proceder a la disolución y división de la sociedad Sucesores de C. Fariña & Cía. contra la opinión del Registrador de Caguas que sostenía lo contrario.

La doctrina establecida en la resolución citada nos lleva a la conclusión de que tampoco es necesaria la autorización judicial para la liquidación y división de una sociedad mercantil en que, como en el caso presente, hay una interesada menor de edad. Si esta corte estimó que la autorización del consejo de familia no era necesaria con arreglo al artículo 269 del Código Civil Español, por existir el precepto contenido en el artículo 234 del Código de Comercio, también por existir dicho artículo es innecesaria la autorización de la corte de distrito para la liquidación y división de una sociedad mercantil con arreglo al artículo 282 del Código Civil Revisado, cuyo artículo no contiene más innovación que la de sustituir la necesidad de la autorización de la corte de distrito a la necesidad de la autorización del consejo de familia que exigía el artículo 269 del Código Civil Español para los casos en él expresados.

Acaso pueda argüirse que la disposición final del Código Civil Revisado no contiene la misma cláusula derogatoria que el Código Civil Español, pues aquella disposición está concebida en términos más generales al establecer que quedan derogados y sin fuerza ni vigor el Código Civil y todas las demás leyes o cuerpos legales que directa o indirectamente se opongan a las disposiciones del Código Civil Revisado, así en su concepto de leyes directamente obligatorias como en el de derecho supletorio, sin que ese precepto sea aplicable a las leyes que en dicho Código Revisado se declaran subsistentes.

La intención de derogar los preceptos del Código de Comercio que directa o indirectamente se opongan a las disposiciones del Código Civil reformado no aparece claramente expresada en la disposición final de referencia, y la derogación tácita de las leyes no es favorecida por las cortes. Fué el propósito de la Legislatura reformar el Código Civil que entonces regía y no el Código especial de Comercio.

Véanse los casos *Ex parte Axtmayer* v. *El Pueblo,* 19 D. P. R., 399, y *Saldamando* v. *Valdecilla,* 20 D. P. R., 96.

Contra la resolución de esta Corte Suprema en el caso de *Calenti* v. *El Registrador* no cabe invocar la dictada posteriormente en el caso de *Joglar* v. *El Registrador,* 17 D. P. R., 278, pues en ese último caso se trataba de la disolución de la sociedad "Sobrinos de Joglar," y de cesión de derechos y acciones en dicha sociedad por una madre en representación de un hijo menor de edad, a favor de otro socio, mientras que en el presente caso se trata de liquidación de la sociedad mercantil Sucesores de Sobrino y Cía., S. en C., y división de su haber social.

La Ley No. 33 aprobada en 9 de marzo de 1911 y que enmendó el artículo 282 del Código Civil, reprodujo la necesidad por parte del tutor de autorización de la corte de distrito competente para enajenar o gravar bienes inmuebles que constituyan el capital de los menores o incapaces o hacer contratos o actos sujetos a inscripción, y para proceder a la división de la herencia o de cosa que el menor o incapacitado poseyere en común, y aunque su sección 3ª. establece que quedan derogadas todas las leyes en conflicto con la misma, esa cláusula derogatoria no envuelve la derogación del artículo 234 del Código de Comercio por las mismas razones que nos llevaron a sostener su no derogación por la disposición final del Código Civil Reformado.

Por las razones expuestas es de revocarse la nota recurrida en cuanto por ella se deniega la inscripción solicitada dejándola subsistente en la parte relativa a los defectos subsalables que en la misma se consignan.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.