EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HERMINIO DÁVILA y GABRIEL MATOS, acusados y apelantes.

No. 5327.—*Sometido:* Junio 12, 1934. *Resuelto:* Julio 26, 1934.

*J. Valldejuli Rodríguez* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Herminio Dávila y Gabriel Matos fueron juzgados en apelación por la Corte de Distrito de San Juan y declarados culpables de infringir una ordenanza municipal de Río Grande, que se designa con el nombre de ordenanza No. 6. Se alega que los acusados, en 11 de mayo de 1933, voluntaria y maliciosamente sacrificaron en el matadero del municipio de dicho pueblo, que es un matadero público, ganado cuyo peso es de 186 libras, dejando de pagar el impuesto como arbitrio de 1 centavo por cada libra de carne sacrificada en el referido matadero en la fecha antes indicada.

Alegaron los acusados ante la corte inferior que los hechos denunciados no constituyen delito público, porque la ordenanza antes citada es ilegal y nula por los siguientes fundamentos:

1. Porque es un arbitrio o derecho sobre la venta de carne fresca, que está exenta de tributación.

2. Porque la Asamblea Municipal de Río Grande no tiene autoridad para imponer el arbitrio que señala dicha ordenanza, toda vez que el mismo ha sido prohibido por la Legislatura de Puerto Rico.

3. Porque la tributación impuesta es confiscatoria, e injusta e ilegal porque al imponerse sobre el negocio de venta de carne fresca no sólo hace que el negocio no produzca ganancias, sino que produzca pérdidas y priva a los acusados de su propiedad sin el debido proceso de ley.

4. Porque el impuesto es una doble contribución y la carne fresca es un producto alimenticio que está exento de tributo de acuerdo con la sección 83 de la Ley No. 83 de 6 de mayo de 1931.

Se aceptó por la defensa que los acusados dejaron de pagar el arbitrio o tributo que dispone la ordenanza municipal, por entender que se imponía una doble tributación y además porque el impuesto de la ordenanza No. 6 es ilegal, toda vez que la resolución conjunta No. 66, de 1931 (pág. 1043), y la sección 83 de la Ley No. 83 del mismo año (pág. 515) prohiben expresamente la imposición de dicho arbitrio o tributo.

La corte inferior en una cuidadosa opinión declaró sin lugar la excepción perentoria formulada por los acusados, quienes apelaron de la sentencia declarándolos culpables e imponiéndoles una penalidad.

■ Se alega que la Corte de Distrito de San Juan erró al declarar que los municipios de la isla tienen facultades para imponer contribución o arbitrios sobre la venta de carne fresca de ganado sacrificada en la Isla de Puerto Rico.

Resolviendo la cuestión planteada se expresó así el tribunal *a quo:*

"Como se nota, los motivos de nulidad que alegan los acusados son derivaciones o ampliaciones los unos de los otros. En cuanto a la prohibición de la Asamblea Municipal para imponer un arbitrio sobre la venta de carne fresca, un somero estudio de la ley sobre la materia nos convencerá de que no tienen razón los acusados. La sección 3 de la Resolución Conjunta No. 66 de 1931 (Leyes de dicho año, página 1043), prohibe la imposición de contribución alguna sobre la matanza de ganado u otros animales, o sobre la venta de carnes de ganado sacrificado en la isla, pero no prohibía ni impedía el que los municipios impusieran arbitrios por el uso de mataderos o propiedades pertenecientes al municipio, para la venta de carnes. Esta ley se aprobó en mayo 12 de 1931, y la vigencia de la misma habría de tener efecto 90 días después de su aprobación; pero 3 días después de aprobada, esto es, en mayo 15 de 1931, se aprobó también la ley No. 98 para enmendar la ley municipal (Leyes de 1931, página 595), y también

para tener efecto 90 días después de aprobada. Esta última ley dispone en su sección 12, enmendatoria del inciso *f* del artículo 46 de la Ley Municipal, 'que los municipios tendrán autoridad para imponer arbitrios entre otras cosas, sobre la matanza de ganado en mataderos públicos o privados, siempre que no exceda el arbitrio de 30 centavos la arroba de carne de ganado vacuno.' Como esta ley es posterior en su aprobación a la Resolución Conjunta No. 66, y sus preceptos son contrarios a los de aquélla, derogó, si bien implícitamente, la prohibición para la imposición de arbitrios sobre la carne fresca, y quedó así plenamente confirmada la autoridad de las asambleas municipales para imponer el arbitrio sobre matanza de ganado.''

De acuerdo con la ordenanza No. 6, que es la que se dice infringida, todo el que sacrifique ganado en la jurisdicción de Río Grande, debe obtener una licencia, previo pago de la suma de $5, según se especifica en la letra *c* del artículo 2º. de la referida ordenanza. En la letra *b* del mismo artículo se exige además el requisito de prestar una fianza para responder en cualquier momento del pago del impuesto sobre carnes y en la sección 3ª. se impone un arbitrio de 1 centavo por cada libra de carne sacrificada en el matadero municipal o en cualquier matadero autorizado para tal fin. Entienden los acusados que esta ordenanza es irrazonable, y que además viola la resolución conjunta antes mencionada, aprobada en 12 de mayo de 1931, y la referida sección 83 de la Ley 83, aprobada seis días antes, o sea en 6 de mayo del año mencionado.

Ahora bien, el artículo 46 de la ley municipal aprobada en 1928 (Ley No. 53, pág. 335) y enmendada por la Ley No. 98 de mayo 15, 1931 (pág. 595), dice en qué consistirán los ingresos municipales, y en el inciso *f* de dicho artículo 46 se dispone expresamente que ''queda reservado para los municipios y no podrá ser impuesto para fines insulares, cualquier arbitrio, licencia o contribución de otra clase, que decretare la Asamblea Municipal correspondiente, sobre: . . . (10) Matanza de ganado en mataderos públicos o privados, que no exceda de treinta (30) centavos la arroba de carne

de ganado vacuno y de cincuenta (50) centavos por cada cerdo, cabro o carnero.''

Esta ley fué aprobada tres días después de haberse adoptado por la Asamblea Legislativa la Resolución Conjunta No. 66, que en su artículo tercero resuelve ''prohibir, como por la presente se prohibe, la imposición de contribución alguna sobre la matanza de ganado u otros animales, o sobre la venta de carnes de ganado sacrificado en la isla de Puerto Rico, disponiéndose, sin embargo, que nada de lo aquí dispuesto impedirá el que los municipios de Puerto Rico impongan el pago de arbitrio o cuota por el uso de los mataderos municipales y de los puestos pertenecientes a los municipios para la venta de carne.''

El artículo 83 de la ley para proveer rentas para el Pueblo de Puerto Rico, etc., enmendado por la Ley No. 83 de 1931, dispone entre otras cosas que el impuesto establecido por las secciones 62 y 16 a de dicha ley de rentas no gravará la venta de comestibles y productos alimenticios.

De modo que la Legislatura, en el mes de mayo de 1931 y con algunos días de diferencia, prohibió la imposición de contribución sobre la matanza de ganado y reservó a los municipios la facultad de imponer tributación sobre la matanza de ganado en mataderos públicos o privados. Estas disposiciones son incompatibles y no pudiendo subsistir a un mismo tiempo tiene necesariamente que prevalecer la última expresión de la voluntad de la Asamblea Legislativa. Y no hay duda de que la Legislatura expresó su voluntad de una manera clara y terminante en las enmiendas introducidas a la ley municipal en 15 de mayo del año referido, autorizando a los municipios para imponer tributo sobre la matanza de ganado.

■■ Es un principio firmemente establecido que la derogación de una ley puede ser expresa o tácita. Así lo sostiene decididamente la jurisprudencia y así lo dice a mayor abundamiento el artículo 6 de nuestro Código Civil. Es expresa la derogación cuando se declara literalmente por una

ley posterior; es tácita cuando la nueva ley contiene preceptos que son contrarios o irreconciliables con los de la ley anterior. Es verdad que las derogaciones tácitas no son favorecidas (*American Trading Co.* v. *Monserrat,* 18 D.P.R. 273; *Portela* v. *Registrador,* 22 D.P.R. 86); pero cuando la ley posterior contiene preceptos que son contrarios o irreconciliables con los de la anterior, entonces necesariamente se produce la derogación de la ley anteriormente en vigor. *Pérez* v. *Sucn. Collado,* 19 D.P.R. 1061. La Resolución Conjunta aprobada en 6 de mayo de 1931, en la parte que prohibe la imposición de tributo alguno por los municipios a la matanza de ganado, no puede coexistir con una ley aprobada por el mismo cuerpo legislativo nueve días después autorizando a los municipios a imponer dicho tributo. A mayor abundamiento, la enmienda a la Ley Municipal aprobada en 15 de mayo de 1931 dispone que "toda ley o parte de ley que se oponga a la presente queda por ésta derogada." Existiendo una incompatibilidad manifiesta entre ambas disposiciones, es evidente que el inciso *f* del artículo 46 de la Ley Municipal, enmendado en 1931, derogó la sección 3ª. de la Resolución Conjunta No. 66, aprobada en 6 de mayo del mismo año, en cuanto se refiere a la matanza de ganado u otros animales.

■ Se alega en segundo término que la corte inferior erró por haber declarado que no es una doble tributación la impuesta por las ordenanzas 6 y 12 del pueblo de Río Grande.

Arguyen los apelantes que las ordenanzas 6 y 12, aprobadas por la municipalidad de Río Grande, imponen una triple tributación. La Ordenanza No. 6 impone el pago de una licencia para sacrificar ganado en Río Grande. Por esta licencia deben pagarse $5. También se impone un arbitrio de 1 centavo por cada libra de carne sacrificada en el matadero municipal o en cualquier matadero autorizado para tal fin. La Ordenanza No. 12, bajo el encabezamiento "Uso Matadero", establece un arbitrio de $1 por cada cabeza de ganado vacuno para el expendio público que se sacrifique y además

50 centavos por cada cerdo, carnero o cabro para el mismo fin. Este arbitrio, como se ve, se impone por el uso del matadero. No hay doble tributación. En la primera ordenanza el arbitrio se cobra por el uso del matadero municipal. Éste no es una contribución sino una renta que el municipio tiene derecho a cobrar por el uso de lo que es suyo. Es claro que la persona que utiliza el matadero contrae la obligación de pagar el importe de dicho uso para los fines indicados. La municipalidad ejercita el mismo derecho que asiste a un ciudadano privado, derivando un beneficio del uso de su propiedad por una tercera persona. Conviene aclarar que a los apelantes no se les acusa de haber infringido la Ordenanza No. 12, relacionada con el uso del matadero, sino la Ordenanza No. 6, por no haber satisfecho el arbitrio que se fija a cada libra de carne sacrificada.

Es regla general que para que exista una doble tributación, ambas contribuciones deben ser de la misma naturaleza y recaer sobre una misma cosa, lo que no ocurre en el presente caso. Entienden los apelantes que la Ordenanza No. 6, aisladamente considerada, impone una doble contribución. En esta ordenanza se exige un derecho de $5 ''por cada licencia de abastecedor que se expedirá por tiempo indefinido y que se considerará vencida si el abastecedor dejare de sacrificar ganado para el expendio público durante noventa días consecutivos.'' A renglón seguido y en la sección 3ª. de dicha ordenanza ''se impone un arbitrio de 1 centavo por cada libra de carne sacrificada.'' Como se ve el derecho de $5 se impone para poder sacrificar ganado por tiempo indefinido, mediante la licencia correspondiente, y el arbitrio de 1 centavo se fija por cada libra de carne sacrificada. De modo que en el primer caso se paga un derecho por obtener permiso para sacrificar y en el segundo se satisface un arbitrio por la carne que se haya sacrificado. La ordenanza es válida. No impone tributo alguno por la venta de carne; el arbitrio de 1 centavo reza exclusivamente con la carne sacrificada. Por muchas simpatías que nos inspire el argumento

de que siendo la carne un artículo de primera necesidad debe estar al alcance de las clases pobres, y no sujeta a ciertas tributaciones, la verdad es que leyendo e interpretando la ordenanza, no puede llegarse a la conclusión de què impone una doble tributación.

En cuanto a la fianza en metálico, no menor de un dólar ni mayor de $50 que debe prestarse para responder en cualquier momento al pago del impuesto sobre carnes establecido en la ordenanza, no puede considerarse tampoco como la imposición de una tributación sobre el mismo negocio, sino como una garantía al municipio para asegurarle el pago de los arbitrios impuestos.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf disintió.*