HARRIET E. REID, as Administratrix, Etc., Respondent, v. DEFOREST STEVENS, Appellant.

(County Court, Tompkins County, December, 1910.)

Constitutional law — Obligation of contracts and vested rights — Public officers.
Justices of the peace — The office — Nature of office.

There is a broad distinction between the office of justice of the peace of one of the towns of the State and the office of a justice of the peace of a city or village; the office of town justice being a constitutional office, while the office of justice of a city or village is created by act of the Legislature and may be abolished by like act.

The office of justice of the peace for the city of Ithaca, created by chapter 429 of the Laws of 1892, was abolished by the revised charter of that city, constituting chapter 503 of the Laws of 1908; and acts of the justices of the peace of the city of Ithaca after the latter date, save those within the exception of the latter act, are absolutely void.

12

APPEAL from a judgment rendered in a justice's court of the city of Ithaca.

John D. Collins (George B. Davis, of counsel), for appellant. .

George S. Tarbell, for respondent.

SWEETLAND, J.   This is an appeal from a judgment rendered by Edwin C. Tichenor, as justice of the peace of the city of Ithaca, on the 11th day of February, 1910, in favor of the plaintiff and against the defendant, for the sum of thirteen dollars and fifty-one cents damages, and two dollars costs.

The summons in this action was issued on the 31st day of January, 1910, and with a verified complaint was served on the defendant in the town of Dryden, Tompkins county, on the 4th day of February, 1910, such service being within the county of Tompkins but outside the city of Ithaca, said town of Dryden adjoining the town of Ithaca.

On the return day of the summons, the defendant appeared specially, by counsel, and filed his objections in writing as follows: That the court had neither jurisdiction of the person of the defendant nor of the subject-matter of the action, inasmuch as the office of justice of the peace of the city of Ithaca was abolished on the 31st day of December, 1908, and that the said Edwin C. Tichenor was not a justice of the peace at the time of the issue or return of the said summons, his office having been abolished since the 31st day of December, 1908; that the said summons in the above-entitled action was served on the defendant in the town of Dryden and not in the city of Ithaca; that the complaint was not properly verified.

The decision of the first question raised by this appeal involves the legal effect of that part of the charter of the city of Ithaca which abridged and abolished the office of justice of the peace of the city of Ithaca.   The respondent denies the constitutionality of such legislation.   This question is important because a large amount of litigation has been brought in justice's court of the city of Ithaca since

that office was abolished and the term for which said Edwin C. Tichenor was elected does not expire until December 31, 1911.

Chapter 429 of the Laws of 1892 provided for the election of a justice of the peace for the city of Ithaca in March, 1894, his term to commence at once and to continue for four years, and at the election in every two years thereafter a justice of the peace to be elected in said city, to hold office for four years.

" Said justices of the peace shall have and exercise all the powers, authority and jurisdiction, discharge all the duties and be entitled to the fees and compensation of justices of the peace of the several towns of this state and all laws applicable to justices of the peace of the several towns, and to their official acts, duties and powers, shall apply to the justices of the peace of said city, except they shall not be members of any town board or constitute a part thereof, or have any power in the same.  The said justices shall have the same jurisdiction of actions in which the parties thereto live without the city as if the limits of the city of Ithaca embraced the present town of Ithaca."

No change was made by the Legislature affecting the tenure of office except that the time of holding the election for city offices was changed from March to the date of the general election in November.  Ithaca being a city of the third class is not affected by section 3 of article XII, New York State Constitution.  The said Edwin C. Tichenor was elected justice of the peace under the provisions of the law above cited.

The charter of the city of Ithaca was revised in the year 1908, and constitutes chapter 503 of the Laws of 1908. Section 233 of said charter reads as follows: " The terms of office, powers and duties of the present justices of the peace in the city of Ithaca shall end with the 31st day of December, 1908, except as provided in section 238 thereof and as to actions and proceedings then pending."  The said Edwin C. Tichenor would have been a justice of the peace at the time of the issue and service of the summons in this action and at the time this judgment was rendered, except

for the above provisions of the amended charter which abridged the term and abolished his office.

There is a broad distinction between the office of justice of the peace of the several towns of the State, and the so-called justices of the peace of cities and villages; the town justice of the peace being a constitutional office, while the office of justice of the peace created by the charter of the city of Ithaca is not a constitutional office, but an office created by act of the Legislature. Clearly there are two kinds of justices of the peace, as above distinguished.

Section 17 of article VI of the New York State Constitution reads in part as follows: " The electors of the several towns shall, at their annual town meetings, or at such other time and in such manner as the Legislature may direct, elect justices of the peace whose term of office shall be four years. In case of an election to fill a vacancy occurring before the expiration of a full term, they shall hold for the residue of the unexpired term."

Section 18 of article VI, New York State Constitution, is as follows: " Inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but no inferior local court hereafter created shall be a court of record. The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article. Except as herein otherwise provided, all judicial officers shall be elected or appointed at such times and in such manner as the Legislature may direct."

A reading of the two sections of the State Constitution, above quoted, shows the distinction between the two classes of offices provided for in said sections. Justices of the peace in towns are town officers. Gertum v. Supervisors of Kings County, 109 N. Y. 170; People ex rel. Burby v. Howland, 155 id. 270. The office of justice of the peace in the towns is a constitutional office and cannot be abolished by act of the Legislature. People ex rel. Burby v. Howland, 155 N. Y. 272. An important part of the duty of justices of the peace of the towns is their service rendered as members

of the town boards of their respective towns in determining various matters of town policy, auditing town bills and passing on the expenditure of money for their respective towns. In this respect the duties of town justices of the peace are distinct, apart from, and greater than the duties of the justices of the peace under the former charter of the city of Ithaca. Justices of the peace of towns have greater territorial jurisdiction than justices of the peace of cities, as the jurisdiction of town justices of the peace may extend into adjoining towns. Code of Civ. Pro., § 2869.

The distinction between justices of the peace in towns and cities is clearly pointed out in People ex rel. White v. City of Rochester, 11 Hun, 241, holding that justices of the peace created by a city charter have not the same functions as justices of the peace in towns, that justices of the peace of cities are included under the term " officers of inferior local courts," and that the Legislature may abolish such offices and create others in their place. The same question was up in Murphy v. Snitzpan, 15 Misc. Rep. 496, wherein Justice Gaynor held " Courts of Justices of the Peace in the city of Brooklyn are included in the term ' inferior local courts ' as defined by the Constitution and the term of such office could be abridged." In this connection, an interesting discussion is found in Petterson v. Wells, 1 App. Div. 8.

The three cases above cited arose under the former Constitution, yet the wording is substantially the same in the present Constitution.

The jurisdiction of justices of the peace in cities is more restricted than that of the town justices of the peace. The territorial jurisdiction of a justice of the peace of a city is limited to the boundaries of the city. Rockwell v. Raymond, 5 N. Y. Supp. 642; Pierson v. Frics, 3 App. Div. 418; Baird v. Helfer, 12 id. 23; Ziegler v. Corwin, id. 60; Darling v. White, 124 N. Y. Supp. 846.

Some confusion has arisen because of the application of the name justice of the peace to officers exercising distinctly different functions. The true test is the extent of the officer's jurisdiction and his duties rather than his official designation determine his authority. The fact that an

officer vested with such authority as could legally be given him by the charter of the city of Ithaca is called justice of the peace does not invest him with the power and authority of a justice of the peace of a town, the latter being a constitutional office directly established by the Constitution. The town justice of the peace cannot be removed so long as his town organization exists. The office of city justice of the peace created by the Legislature may be abolished by the Legislature.

It is perhaps unfortunate that the term justice of the peace is applied to any officer except to the constitutional justice of the peace of a town. Terming officers of inferior local courts of cities justices of the peace naturally suggests jurisdiction territorially analogous to that of justices of the peace of towns. The recognition of this difficulty and the desire to avoid it is perhaps one reason for the tendency to use some other title rather than justice of the peace to designate the class of officers of cities established by the Legislature under authority of section 18 of article VI of the Constitution. The tendency is to designate such officers as city judges rather than justices of the peace.

The term of office, powers and duties of the said justice of the peace ended with the 31st day of December, 1908, if it was within the power of the Legislature to abolish the office and end the term of office of the justice of the peace of said city. The office was created by act of the Legislature, which defined its powers, jurisdiction, length of term and duties. The Legislature has the power to abridge the term and abolish the office. In so doing there was no violation of the Constitution. Only in the clearest cases will the courts declare a statute unconstitutional. People v. Budd, 117 N. Y. 13, 14; Dartmouth College v. Woodward, 4 Wheat. 625.

It seems to me that the section of the charter of the city of Ithaca abolishing the office of justice of the peace in the city of Ithaca after the 31st day of December, 1908, was within the powers of the Legislature, consequently valid, and that the acts of the justices of the peace of the city of Ithaca after that date, except in the cases within the exception of the charter of said city, were absolutely void.

This determination renders unnecessary a further consideration of the other question involved in this appeal. The judgment appealed from is reversed, with costs, but without prejudice to the plaintiff's suing in a court having jurisdiction.

Judgment reversed.