Pedro Pagán Ruiz, demandante ·y apelado, *v.* La Junta de Retiro de Funcionarios y Empleados Permanentes del Gobierno Insular de Puerto Rico compuesta por don Juan G. Gallardo, Carlos Llauger, Charles H. Terry, José G. López y Juan H. Marrero, demandada y apelante.

No. 4064.—*Visto:* Marzo 16, 1927. *Resuelto:* Julio 12, 1927.

Pensiones—Créditos por Servicios Prestados—Por Jueces de Paz.—Siendo los jueces de paz, ya por el origen de su nombramiento, así como por sus funciones y deberes oficiales funcionarios insulares y no municipales, los servicios prestados por ellos como tales son computables de acuerdo con la Ley sobre Retiro No. 22 de 1923, según fué enmendada por la No. 104 de 1925 (p. 949).

Sentencia de *Miguel A. Muñoz,* J. (San Juan), declarando con lugar la petición de *mandamus,* sin costas.  *Confirmada.*

Hon. *Attorney General George C. Butte, Carlos Llauger, Primer Attorney General Auxiliar* y *Felipe Janer, Sub-Attorney General,* abogados de la apelante; *García Méndez & García Méndez,* abogados del apelado.

El Juez Asociado Señor Franco Soto, .emitió la opinión del tribunal.

Ésta es una petición de *mandamus* para que la Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno, creada por la Ley No. 22, aprobada en septiembre 22, 1923, según fué enmendada por la Ley No. 104 de 1925, procediese a conceder el retiro voluntario del peticio-

nario por haber prestado más de veinte años de servicios como funcionario del gobierno. Los servicios del peticionario consisten, según se alega en la petición, en haber desempeñado el cargo de Juez de Paz de Moca a partir de julio 1, 1905, cargo que desempeñó hasta el año de 1913, fecha en que fué nombrado Secretario de la Corte Municipal de Aguadilla, cuyo cargo ha ejercido y sigue ejerciendo en la actualidad.

La Junta de Retiro denegó la solicitud del peticionario fundándose en que los servicios prestados por el solicitante como juez de paz desde 1905 a 1913, se consideran como servicios municipales, los cuales no son computables a los efectos de la Ley de Retiro.

La corte inferior sostuvo, no obstante, al peticionario y de la sentencia apeló la Junta de Retiro.

La única cuestión planteada en este caso se contrae a resolver si los servicios que prestó el peticionario desde 1905 a 1913 como Juez de Paz de Moca, son o no computables de acuerdo con lo que establece la ley sobre retiro. Esto depende del carácter o naturaleza que tenía el cargo de juez de paz y determinarse si era un funcionario insular o municipal.

La sección 33 de la anterior Ley Orgánica conocida por Acta Foraker, aprobada en abril 12, 1900, dispuso que el poder judicial quedaría investido en las cortes y tribunales que estaban establecidos al promulgarse la ley, existiendo entre éstos los juzgados municipales y los tribunales de policía. En la misma sección se prescribe que la Asamblea Legislativa de Puerto Rico "tendrá autoridad para legislar de tiempo en tiempo, conforme tenga por conveniente, con referencia a dichas cortes, y cualesquiera otras que estime oportuno establecer . . ."

En virtud de esta autorización la legislatura decretó en marzo 10, 1904, la "Ley para reorganizar el sistema judicial en Puerto Rico, etc.," prescribiendo en la sección 14 lo siguiente:

"En todos los Municipios excepto los de San Juan, Ponce y Mayagüez, para los que ya se ha provisto en la Sección 4 de esta Ley y excepto en los Distritos de Cortes Municipales en que sólo hay una población, será nombrado un Juez de Paz con jurisdicción para conocer y resolver las faltas en que la pena que aparejen no exceda de quince dollars de multa o treinta días de cárcel y además tendrá jurisdicción en todos los casos por infracciones de las Ordenanzas Municipales y quien, durante la ausencia del Juez Municipal, actuará como Juez de Instrucción: Disponiéndose, que en los pueblos en que no existieren Juzgados de Paz, los respectivos Jueces Municipales de tales pueblos, a más de la competencia ya conferídoles por esta ley, tendrán jurisdicción en todas las causas por infracciones de las Ordenanzas Municipales. Los Jueces de Paz serán nombrados por el Gobernador con el consentimiento del Consejo Ejecutivo y percibirán un sueldo de $360 por año cada uno, cuyos sueldos deberán ser pagados del Tesoro Municipal de los respectivos Municipios para que son nombrados; y todas las multas impuestas y cobradas por dichos Jueces ingresarán en el respectivo Tesoro Municipal. Cada uno de los mencionados Jueces de Paz tendrán un Alguacil con autoridad para ejecutar las órdenes o diligencias quien recibirá un sueldo de quince dollars mensuales que pagarán los Municipios respectivos.''

En marzo 9, 1905, se aprobó otra ley reorganizando los juzgados de paz y en adición a los ya existentes se crearon otros más, entre ellos el de Moca, para cuyo cargo fué nombrado el peticionario en julio 1, 1905. En la sección 1ª de esta ley, después de enumerar los juzgados que fueron creados, se lee lo siguiente: "y todas las condiciones relativas al personal, nombramientos, y jurisdicción de dichos juzgados de paz se ajustarán a los preceptos de la ley 'Para reorganizar el sistema judicial de Puerto Rico, etc., etc.,' aprobada el 10 de marzo de 1904.''

Según esta legislación los jueces de paz, ya por el origen de su nombramiento, así como por sus funciones y deberes oficiales, no puede sostenerse que sean funcionarios del municipio. El mero hecho que entiendan en toda violación de las ordenanzas municipales no es razón para darles tal carácter. También los jueces municipales en los dis-

tritos de cortes municipales en que sólo hay una población, su jurisdicción se extiende en todos los casos por infracciones municipales y no podía concluirse que por ese motivo ni porque tengan el nombre de tales jueces municipales se considerasen como funcionarios del municipio. Tal vez podía argüirse que como los jueces de paz cobran sus sueldos de los municipios sea ésta una circunstancia que les pueda calificar de empleados locales. Sin embargo, es la legislatura la que fija tales sueldos sin darle intervención alguna a los municipios y si ellos se pagan del tesoro municipal es seguramente porque todas las multas que imponen dichos jueces la ley dispone que ingresen en las arcas municipales. Nada hemos encontrado, por otra parte, en la Ley Municipal que haga depender de algún modo a los jueces de paz de las autoridades municipales.

La apelante, sin embargo, sostiene que su teoría no es la de si un juez de paz es un funcionario insular o municipal, sino la de si dentro del espíritu de la sección 2 de la Ley sobre el retiro de funcionarios insulares los servicios del peticionario son prestados en la rama municipal. En apoyo se citan los casos de *Wolf* v. *Hope et al.*, 70 N. E. 1086, y el de *Reid* v. *Stevens*, 126 N.Y.S. 379. En este último los jueces de paz se mencionan en la constitución del Estado de New York y en ella se definen expresamente como oficiales de la ciudad. En el primero no se mencionan en la constitución de Illinois y se resuelve que son oficiales municipales. Sin embargo, estos casos no pueden servir de norma para establecer principios generales porque la determinación del carácter de un juez de paz depende en la mayor parte de los casos de la interpretación de las respectivas disposiciones constitucionales y estatutorias de cada estado. Así en *State of Kansas, ex rel. George W. Scott* v. *D. D. Parry*, 21 L.R.A. (vieja serie), 669, el sumario de la opinión de la corte dice así:

"Las ciudades del Estado de Kansas son 'municipalidades,' den-

tro del significado de la Constitución y de los estatutos, a los fines de elegir los jueces de paz, y tales funcionarios, aunque son elegidos en una ciudad, no son estrictamente funcionarios de la ciudad.  Sus deberes oficiales no están limitados a las demarcaciones de las ciudades en que son electos ni por las disposiciones de las cartas constitucionales u ordenanzas de la ciudad en que residen.  Su jurisdicción en lo civil y criminal es coextensiva con sus condados salvo lo dispuesto en contrario por la ley."

En 35 Corpus Juris, página 450, se resume la jurisprudencia en cuanto a la naturaleza del cargo de juez de paz, diciéndose:

"Naturaleza del cargo.—Los jueces de paz son funcionarios públicos.  Originalmente eran funcionarios de condado, y al presente las disposiciones constitucionales y estatutorias referentes a su elección y jurisdicción territorial son tales que frecuentemente se resuelve que son, por lo menos para algunos fines, funcionarios de condado.  Sin embargo, según algunas constituciones o estatutos, se ha resuelto que los jueces de paz son funcionarios municipales o de precinto . . .  Un juez de paz del Distrito de Columbia es un funcionario de los Estados Unidos."

La última parte es la doctrina establecida en el caso de *Wise v. Withers*, 3 U. S. (Cranch) 331, 2 L. ed. 457, en donde la Corte Suprema, refiriéndose al cargo de un juez de paz del Distrito de Columbia, dijo:

"Se ha resuelto por esta corte que un juez de paz es un funcionario; tampoco puede concebirse que la afirmativa de esta proposición, si no estuviera decidida, pudiera controvertirse.  Bajo la sanción de una ley, un juez de paz es nombrado por el Presidente, con el consejo y consentimiento del Senado, y recibe su nombramiento del Presidente.  No sabemos con qué términos pueda definirse a un funcionario, que no comprenda esta clase de personas.  De ser un funcionario, debe serlo bajo el Gobierno de los Estados Unidos.  Derivando toda la autoridad de la Legislatura y siendo el Presidente de los Estados Unidos quien lo nombra, un juez de paz ciertamente no puede ser un funcionario de ningún otro gobierno."

Parece además que la teoría de la apelante parte de una errónea interpretación de la sección 2 de la Ley No. 104 sobre retiro de funcionarios.  Esta sección para que pueda

entenderse rectamente su sentido al disponer "que no se dará crédito por servicios prestados en la rama del gobierno municipal" se ha de armonizar con la sección 1 de dicha ley. Dichas secciones prescriben lo siguiente:

"Sección 1.—Por la presente se establece el retiro de los funcionarios y empleados permanentes del Gobierno Insular de Puerto Rico. Esta Ley comprenderá a todos los funcionarios o empleados en el Servicio Civil clasificado y no clasificado del Gobierno Insular de Puerto Rico, con excepción de los jueces del Tribunal Supremo, los catedráticos de la Universidad de Puerto Rico, los profesores de instrucción pública, los miembros de la Policía Insular y los empleados municipales.

"Sección 2.—El total de tiempo de servicios que servirá de base para calcular el importe de cualquier pensión provista por esta Ley, será computado desde la fecha del nombramiento original del funcionario o empleado, bien pertenezca al servicio clasificado o no clasificado, incluyendo los períodos de servicios prestados en diferentes épocas y en uno o más departamentos u oficinas del Gobierno Insular; el tiempo de servicios prestados al Gobierno de los Estados Unidos dentro del Gobierno Civil; los servicios prestados durante la Guerra Mundial en el Ejército, Armada, Infantería de Marina y servicios de guarda-costas de los Estados Unidos, contándose estos servicios desde la fecha de la comisión, alistamiento o ingreso en cualquiera de dichos cuerpos dentro del período comprendido entre el seis de abril de 1917 y la fecha en que el interesado fué licenciado honrosamente; *Disponiéndose,* que no se dará crédito por servicios prestados con anterioridad al primero de mayo de 1900, ni por servicios prestados en la rama del gobierno municipal."

Se ha podido ver que la sección 1ª excluye de los efectos de la ley a ciertos funcionarios y empleados, nombrándose entre éstos a los empleados municipales. Así es que la sección 2ª al prescribir que no se dará crédito por servicios prestados en la rama del gobierno municipal debe referirse a los servicios prestados por empleados municipales. Si el peticionario hubiera desempeñado el cargo de secretario o alcalde del municipio de Moca, claro es que estos servicios no eran acumulables a los servicios que prestara en un cargo como funcionario insular. Pero el peticionario era

juez de paz y la materialidad de que prestara sus servicios en el municipio de Moca no afectaba su carácter de funcionario insular y en este sentido era que prestaba tales servicios y no en la rama del gobierno municipal.

Por todo lo expuesto *debe confirmarse la sentencia apelada.*