Rafael San Millán, demandante y apelado, *v.* Junta de Retiro de Funcionarios y Empleados Permanentes del Gobierno Insular, etc., compuesta de Manuel V. Domenech, Presidente; Charles H. Terry, Vice-Presidente; Juan M. Herrero, Secretario y José C. López y Dr. A. Fernós Isern, Vocales, demandada y apelante.

No. 6089.—*Sometido:* Marzo 14, 1933. *Resuelto:* Junio 14, 1933.

*Hon. Procurador General Interino Arturo Ortiz Toro* y *E. Aldrey, Subprocurador,* abogados de la apelante; *R. Rivera Zayas* y *H. González Blanes,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La única cuestión a resolver en este caso es si un secretario municipal es un empleado del Gobierno de Puerto Rico dentro del significado de la sección 20 de la Ley de Retiro. (Leyes de 1925, pág. 965). Esa sección provee que "Toda persona pensionada cesará en el goce de su pensión al ocupar cualquier cargo del Gobierno de Puerto Rico con sueldo o retribución de cualquier clase". La corte de distrito resolvió que un pensionado no pierde su derecho a percibir la pensión al aceptar un cargo de secretario municipal.

Desde luego, debe admitirse que una corporación municipal en Puerto Rico es parte de la maquinaria gubernamental de la Isla. De ello no se desprende que todos los empleados municipales sean empleados del Gobierno Insular. También puede admitirse que ciertos funcionarios o empleados deben ser considerados como funcionarios o empleados insulares, aunque sus sueldos sean pagados por los municipios. Véase *Pagán* v. *Junta de Retiro, etc.,* 37 D.P.R. 121. La apelada admite, por ejemplo, que de acuerdo con las leyes vigentes un inspector de sanidad local o un maestro de escuela pagado por el municipio pero que esté bajo la supervisión y control del Departamento de Sanidad o del Departamento de Educación no es un empleado municipal. En casos dudosos pueden surgir bonitas cuestiones, más éste no es un caso dudoso.

Un argumento algo más fuerte en favor de la apelante puede hallarse en la fraseología de la sección primera de la ley de retiro, la cual dispone que "Esta ley comprenderá todos los funcionarios o empleados en el Servicio Civil clasificado y no clasificado del Gobierno Insular de Puerto Rico, con excepción de los jueces del Tribunal Supremo, los cate-

dráticos de la Universidad de Puerto Rico, los profesores de instrucción pública, los miembros de la Policía Insular y los empleados municipales.'' El hecho de que la Legislatura considerara en esta ley a los empleados municipales como ''empleados en el Servicio Civil clasificado y no clasificado del Gobierno Insular de Puerto Rico'' pierde significación al ser considerado a la luz de las razones que pudo haber tenido la Legislatura para hacer una excepción con los empleados municipales. La oración inicial de esa sección siguiendo substancialmente la fraseología del título, provee que ''Por la presente se establece el retiro de los funcionarios y empleados permanentes del Gobierno Insular de Puerto Rico.'' Si los ''empleados municipales'' fueron eliminados porque, estrictamente hablando, no eran ''funcionarios o empleados permanentes del Gobierno Insular'' dentro del significado del título y de la sección primera de la ley (y la apelante no ha aducido ninguna otra razón), entonces muy poco queda en la sección primera que fortalezca la teoría de que con la sección 20 la Legislatura tuvo la intención de incluir cargos municipales en la frase ''cualquier cargo del Gobierno de Puerto Rico.'' Lo mismo podría decirse de la sección 2, la cual dispone que no se dará crédito ''por servicios prestados en la rama del gobierno municipal.'' Por el contrario, tomadas estas dos secciones conjuntamente, y cada una íntegramente, la inferencia es, a nuestro juicio, que la Legislatura en la sección 20 usó la frase ''Gobierno de Puerto Rico'' en su sentido corriente y ordinario según es definida por el artículo 2 del Código Político de Puerto Rico, que lee así:

''Los departamentos ejecutivos, legislativo y judicial según están organizados por la Ley Orgánica de Puerto Rico, constituirán el Gobierno de Puerto Rico.''

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Aldrey no intervino.