EL PUEBLO DE PUERTO RICO, a instancias de LUIS A. CASTRO,
querellante y apelado, *v.* LINO PADRÓN RIVERA, querellado
y apelante.

Núm. 8539.—*Sometido:* Juio 14, 1942. *Resuelto:* Julio 29, 1942.

*C. Coll y Cuchí,* abogado del apelante; *E. Martínez Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos esenciales de este caso son como sigue:

En septiembre 11 de 1931, por virtud de nombramiento que a su favor extendiera el Administrador de la Capital de Puerto Rico, el querellante Luis A. Castro tomó posesión del cargo de Secretario de la Capital; y continuó desempeñando dicho cargo, sin interrupción, hasta el día 21 de abril de 1941, fecha en que ocurrieron los hechos de que se queja el querellante y que constituyen la base de este procedimiento de *Quo Warranto.*

Alega el querellante que el día 21 de abril de 1941, sin que él hubiese renunciado su cargo y sin que el Adminis-

trador de la Capital le hubiese suspendido o destituído, el querellado Lino Padrón Rivera, prestó juramento de toma de posesión del cargo de Secretario de la Capital, en substitución del querellante, y se encuentra usurpando ilegalmente las funciones de dicho cargo contra la voluntad expresa del querellante; que el querellado Lino Padrón Rivera ocupa, desempeña y ejerce en la Legislatura de Puerto Rico el cargo de Senador, para el que fué electo en las elecciones celebradas el 5 de noviembre de 1940; y que el querellado carece de título o derecho para desempeñar el cargo en cuestión, por los siguientes motivos:

(*a*) Porque en la fecha en que el querellado pretendió tomar posesión del cargo, éste no estaba vacante y sí ocupado por el querellante.

(*b*) Porque el querellado basa su derecho a tomar posesión del cargo en el nombramiento expedido a su favor por el Administrador Sr. Fernando Géigel, siendo dicho nombramiento ilegal y nulo por hallarse el cargo ocupado por el querellante desde septiembre 11 de 1931, a virtud de nombramiento hecho a su favor por el Administrador.

(*c*) Porque si el Administrador ha tenido el propósito de destituir al querellante mediante un nombramiento a favor del querellado, dicho nombramiento no puede tener efecto, por cuanto al querellante no se le han formulado cargos, ni se le ha dado oportunidad de ser oído, como lo exige el artículo 27 de la Ley Núm. 99 de mayo 15 de 1931 (pág. 627).

(*d*) Porque habiendo sido electo para y tomado posesión del cargo de Senador, el que ejercía en la fecha en que pretendió tomar posesión del cargo de Secretario de la Capital, el querellado está impedido de desempeñar las funciones del referido cargo de Secretario de la Capital en virtud de la prohibición expresa contenida en el artículo 30 de la Carta Orgánica de Puerto Rico.

Pide el querellante que se investigue el título o derecho que alega tener el querellado para ocupar el cargo de Se-

cretario de la Capital, y que se dicte sentencia declarando que el querellado ha usurpado y ejerce ilegalmente las funciones de dicho cargo, en el que debe cesar inmediatamente, con imposición al querellado de costas y honorarios de abogado.

Compareció el querellado y formuló excepción previa en cuanto al fundamento (*d*) de la querella, supra, alegando que los hechos expuestos no son suficientes para determinar una causa de acción. Y contestando la querella alegó:

Que el 22 de abril de 1941 el querellante abandonó voluntariamente el cargo de Secretario de la Capital e hizo entrega del mismo al querellado.

Que el 17 de febrero de 1941 y en varias ocasiones anteriores, el Administrador de la Capital, Sr. Géigel, y el Presidente de la Junta de Comisionados informaron al querellante que por razones de índole política él no podía continuar en el cargo de Secretario, para el cual se había designado al querellado; que el querellante mostró su conformidad, conviniendo en que pondría en orden la secretaría para hacer entrega inmediata al nuevo secretario, tan pronto se le notificara de su toma de posesión; y que el 17 de febrero, 1941 el Administrador extendió el nombramiento de secretario a favor del querellado.

Que el querellado prestó juramento del cargo de secretario el día 21 de abril de 1941; y el día 22 del mismo mes el querellante le hizo entrega de un inventario completo de las propiedades municipales bajo su custodia, así como de su escritorio, libros de actas y records del Gobierno de la Capital, caja de caudales, fianzas, pólizas de seguro, fianzas en efectivo y en general de todas las propiedades y enseres de la Secretaría.

Alegó, por último, el querellado que el querellante está impedido de ejercitar esta acción o de discutir el título del querellado, porque el querellante reflexiva, voluntaria y de-

finitivamente abandonó el cargo e hizo entrega del mismo al querellado.

En septiembre 8 de 1941 la corte inferior dictó sentencia declarando con lugar la querella y resolviendo que el querellado ocupa y desempeña ilegalmente el cargo de Secretario de la Capital; que el querellante tiene derecho a dicho cargo y lo ha tenido desde abril 22, 1941 y deberá ser repuesto en el mismo, con todos los poderes, prerrogativas, privilegios y emolumentos inherentes al mismo; y, por último, que el querellado deberá cesar inmediatamente en el desempeño del cargo y abandonar el mismo, con costas al querellado, sin incluir honorarios de abogado.

Los pronunciamientos específicos de dicha sentencia fueron los siguientes:

1. Que en febrero 17 de 1941, fecha en que fué nombrado el querellado, no existía vacante alguna en el cargo de Secretario de la Capital que pudiera ser cubierta a virtud de nuevo nombramiento, y por consiguiente el nombramiento extendido al querellado es nulo.

2. La condición de miembro de la Asamblea Legislativa (Senador) no incapacita al querellado para ser nombrado Secretario de la Capital, ni para desempeñar el cargo.

3. Que el nombramiento del querellado no tuvo otra motivación que razones de índole política o sea para cumplir compromisos políticos; y que aún cuando es cierto que el querellante hizo entrega de su oficina al querellado por medios pacíficos, el querellante nunca tuvo la intención de abandonar su cargo ni de renunciar su derecho al mismo.

El querellado apelante, para sostener su recurso, alega que la corte sentenciadora erró: al declarar que el nombramiento hecho a favor del querellante en septiembre 11 de 1931 era un título legal para ocupar el cargo después de la toma de posesión de la Junta de Comisionados electa en noviembre de 1940; al admitir como prueba el referido nom-

bramiento; y al declarar que el querellante no abandonó voluntariamente el cargo.

Pasaremos ahora a considerar y resolver las dos cuestiones envueltas en este procedimiento.

1a. ¿Cuál era el *status* legal del peticionario Luis A. Castro el día 17 de febrero de 1941, cuando el Sr. Géigel, Administrador de la Capital, designó al querellado para el cargo de Secretario de la Capital?

De la evidencia ofrecida por el propio querellante aparece que el nombramiento original a favor del Sr. Castro fué hecho por el Administrador Sr. Jesús Benítez, el día 11 de septiembre de 1931; que en enero 4 de 1937, el querellante presentó la renuncia de su cargo al nuevo Administrador de la Capital, Dr. Carlos M. de Castro, electo en las elecciones de noviembre de 1936; que el Administrador Sr. de Castro no aceptó la renuncia del querellante y en la misma fecha le extendió un nuevo nombramiento; y que desde entonces o sea desde la fecha de su nombramiento original hasta la fecha en que el querellado tomó posesión, el querellante ocupó el cargo de Secretario de la Capital. Se admite por ambas partes que en ninguna fecha anterior a la de la toma de posesión del querellado se suspendió de empleo o se formuló cargo alguno contra el querellante para su separación del puesto.

¿Era legalmente necesario que el querellante renunciara, entregara o abandonara o fuera removido del cargo de Secretario de la Capital, que venía ocupando por virtud de nombramientos extendídosle por los dos antecesores del Administrador electo en noviembre de 1940, para que el nuevo Administrador pudiese hacer un nuevo nombramiento en favor de otra persona distinta a la del querellante? La pregunta debe ser contestada en la negativa. Para sostener la afirmativa tendríamos que resolver que el de Secretario de la Capital es un cargo vitalicio, lo que estaría en abierto

conflicto con nuestra decisión en *De Castro* v. *Junta de Comisionados,* 59 D.P.R. 676, que consideramos de estricta aplicación al caso de autos. Habiendo resuelto como resolvimos en dicho caso que "el término del Administrador de la Capital es el de cuatro años, siempre que durante el mismo observe buena conducta", tenemos que resolver en el presente que el término del Secretario de la Capital es también el de cuatro años, de acuerdo con el artículo 39 de la Ley Núm. 99 de mayo 15 de 1931, por la que se rige el Gobierno de la Capital. Resolvemos, por lo tanto, que el Administrador de la Capital, electo en noviembre de 1940, tenía desde el momento en que tomó posesión de su cargo el derecho de nombrar el nuevo Secretario de la Capital, sin estar obligado a pedir la renuncia o a formular cargos al querellante, quien, por razón de haber expirado el término para que le nombrara el Administrador anterior, se encontraba ocupando el cargo a voluntad del poder nominador y hasta que éste le designase sucesor. Si la petición de la renuncia o la remoción fuese un requisito previo y esencial para poder nombrar el sucesor de un funcionario que ocupa el cargo en esas condiciones, "holding over", tendríamos que admitir que el cargo podría convertirse en vitalicio, a voluntad del incumbente, con sólo negarse a renunciarlo. Y no puede depender el derecho a hacer el nombramiento del nuevo funcionario, de la formulación de cargos y remoción del funcionario saliente, porque en el caso de que no hubiera cargos que formular, el puesto se convertiría en vitalicio y el que lo ocupa podría continuar ocupándolo mientras observase buena conducta. [3] Queremos hacer constar, además, que aún cuando sostuviéramos que la renuncia del querellante es un requisito esencial para la validez del nombramiento de su sucesor, ese requisito fué cabalmente cumplido, pues la evidencia practicada, sin que de ella surja conflicto alguno, estableció que con anterioridad al día 12

de abril de 1941, el querellante sabía que el querellado había sido nombrado para sucederle en el cargo de Secretario; que el 15 del mismo mes el querellante se dirigió por escrito al Administrador, Sr. Géigel, pidiéndole le enviara copia del nombramiento extendido al querellado "a los fines de récord"; que el día 18 el administrador envió al querellante copia de dicho nombramiento; que el 21 del mismo mes el querellado tomó posesión del cargo, sin que el querellante se opusiera o formulara protesta alguna, excusándose por no poder asistir al acto de toma de posesión por ser ése el dia de su onomástico; que al día siguiente, 22 de abril, el querellante fué a secretaría y allí le presentó al querellado el personal de la oficina, explicándole las atribuciones de cada empleado, le entregó el inventario del contenido de la caja de hierro, firmó los contratos que estaban pendientes de su firma y realizó todos los actos necesarios para familiarizar al querellado con el funcionamiento de la secretaría, sin que de sus labios brotase en momento alguno ni una sola palabra de protesta o que revelase su intención de reclamar y retener para sí el cargo que voluntariamente estaba entregando. Todos esos actos realizados por el querellante, voluntariamente y sin que sobre él se ejerciera influencia, fuerza o presión indebidas, constituyen una entrega (*surrender*) voluntaria del cargo a su sucesor. *Attorney General ex rel Moreland* v. *Maybury,* 141 Mich. 31, 104 N. W. 324; *Rainwater* v. *State,* 121 A.L.R. 981; *Rex* v. *Greens,* 2 Q.B. 460, 6 Jurist (1842) 777; 22 R.C.L. 560, sec. 264. El efecto legal de dichos actos no puede ser destruído por la simple manifestación, hecha *a posteriori,* por el querellante, al efecto de que cuando actuó en la forma establecida por la prueba él no tenía la intención de entregar o renunciar el cargo y que al entregarlo, lo hizo con la reserva mental o propósito de reclamar el cargo más tarde por medio de este procedimiento de quo warranto.

■ Las conclusiones a que llegó la corte inferior son claramente erróneas e insuficientes por sí solas para sostener la sentencia recurrida. Sin embargo, como la apelación se interpone contra la sentencia y no contra los fundamentos de la misma, es nuestro deber sostenerla si a nuestro juicio existen otros fundamentos para justificar su confirmación.

■ 2a. ¿Podría el querellado, no obstante su condición de Senador, en el Senado Insular, ser legalmente nombrado para el cargo de Secretario de la Capital?

El texto inglés de la sección 30 de la Ley Orgánica de Puerto Rico, en lo que es pertinente, dice:

"No senator or representative so elected or appointed shall, during his term of office, be appointed to any civil office *under the Government of Puerto Rico*, and no such senator or representative shall be eligible for appointment to any office created during his term of office until the expiration of two years after the date upon which his term of office shall have expired." (Itálicas nuestras.)

La traducción al castellano lee como sigue:

"Ningún senador o representante así elegido o nombrado podrá ser nombrado para ningún cargo civil *en el Gobierno de Puerto Rico* durante el término de su ministerio, ni será elegible para nombramiento para ningún cargo creado durante dicho término hasta después de transcurridos dos años desde la fecha en que haya vencido el mismo." (Itálicas nuestras) Leyes de 1938.

Comparando el texto inglés, que es el que debe prevalecer, con el castellano, se notará que la frase "under the Government of Puerto Rico" ha sido erróneamente traducida por "en el Gobierno de Puerto Rico", en vez de "bajo el Gobierno de Puerto Rico". Considerando que el error de traducción es substancial, estudiaremos y resolveremos la cuestión a la luz del texto inglés.

La sección 30, supra, contiene dos prohibiciones:

(*a*) Ningún senador o representante *será nombrado*, o sea no se le podrá nombrar legalmente, para un *cargo civil*

bajo el Gobierno de Puerto Rico, durante el término de su cargo.

(b) Tampoco se le podrá nombrar para *ningún cargo* que hubiere sido creado por la Legislatura, durante el término de su elección, hasta que hayan transcurrido dos años desde la expiración de dicho término.

Es con la primera de estas dos prohibiciones que tenemos que ver en el presente caso. Dicha prohibición va dirigida al funcionario que de acuerdo con la ley tiene la facultad de nominar.. Cuando se dice que "ningún senador o representante será nombrado", lo que en realidad se dice es que los miembros de la Legislatura no son elegibles para cargos civiles bajo el gobierno de la isla y que los funcionarios investidos del poder nominador no tienen facultad para nombrar a un miembro de la Legislatura para uno de tales cargos. Y no puede ser de otro modo, pues el miembro de la Legislatura no puede nombrarse a sí mismo.

Que el de Secretario de la Capital de Puerto Rico es un cargo civil, es cuestión que no admite discusión. Lo que tenemos que considerar y resolver es si dicho cargo es un "civil office under the Government of Puerto Rico"—un cargo civil bajo el Gobierno de Puerto Rico—y, por consiguiente, uno de ésos para los cuales no puede ser legalmente nombrado un senador o representante, durante el término de su cargo como legislador.

El gobierno, o sea la instrumentalidad creada por la Ley Orgánica para regular y administrar los intereses públicos de la comunidad puertorriqueña, es y debe ser un conjunto armónico, y todas sus subdivisiones y dependencias deben regirse por los mismos principios de la más pura moral administrativa. Para su mejor funcionamiento, la ley ha dividido el gobierno de nuestra isla en dos ramas: la llamada "Gobierno de Puerto Rico" o "Gobierno Insular", que tiene facultad y jurisdicción sobre todo aquello que pueda afectar al pueblo de la isla en general, y el "Gobierno Munici-

pal'', cuyas facultades y jurisdicción no pueden alcanzar más allá de los límites territoriales de una determinada subdivisión municipal. Aún cuando la rama insular y la rama municipal parecen funcionar como entidades distintas y separadas, ambas son en realidad partes de una sola instrumentalidad gubernamental—el gobierno de Puerto Rico. *San Millán* v. *Junta de Retiro*, 45 D.P.R. 244. Así lo reconoce la propia Ley Orgánica cuando dispone (artículo 3) que ''. . . todos los bonos emitidos por el Gobierno de Puerto Rico o por autoridad de éste, estarán exentos de contribución por el Gobierno de los Estados Unidos, por el Gobierno de Puerto Rico, *por cualquier subdivisión política o municipal del mismo . . .''.*

Las subdivisiones municipales o municipios de Puerto Rico son criaturas de la Legislatura de Puerto Rico, que es una de las tres ramas del Gobierno de Puerto Rico. Es la legislatura insular la que puede dar vida a nuevas municipalidades y la que tiene facultad para consolidar dos o más de las ya existentes para formar una sola. Las leyes por las cuales se rigen los municipios son aprobadas por los legisladores insulares, y son éstos los que crean los cargos municipales y fijan y aumentan los sueldos de los funcionarios. Las contribuciones sobre los inmuebles radicados dentro de los límites de las respectivas municipalidades son cobradas por funcionarios del Gobierno Insular e ingresadas en los respectivos tesoros municipales. Las emisiones de bonos municipales requieren para su validez y efectividad la aprobación previa del Gobierno Insular. Todo esto demuestra claramente que los gobiernos municipales, por las relaciones que existen entre ellos y el Gobierno Insular y por la supervisión que éste ejerce sobre aquéllos, son partes integrantes del Gobierno de Puerto Rico, siendo por tanto los cargos civiles municipales, cargos civiles bajo el Gobierno de Puerto Rico. Véase *State* v. *Vallé,* 41 Mo. 29, 31.

La ley orgánica del Gobierno de la Capital, Ley núm. 99, aprobada en mayo 15 de 1931, es la que ha creado el cargo de Secretario de la Capital, que ahora ocupa el querellado a virtud de nombramiento hecho a su favor por el Administrador de la Capital en abril 20 de 1941. Dicha ley fija el sueldo que deberá pagarse al Secretario por sus servicios como tal. La Legislatura puede abolir dicho cargo y puede también disminuir o aumentar el sueldo del funcionario. Todo lo cual es una demostración más de que el cargo civil de Secretario de la Capital es un cargo civil bajo el Gobierno de Puerto Rico y por tanto comprendido dentro de la prohibición expresa de la Carta Orgánica. *Wood* v. *Miller,* 242 S. W. 573.

El caso de *San Millán* v. *Junta de Retiro,* supra, no tiene el alcance que prètende darle la corte inferior. Lo que resolvimos en dicho caso fué que el Secretario Municipal no es un empleado *del* Gobierno Insular, a los efectos de la sección 20 de la Ley de Retiro, 104 de 1925 (pág. 949).

La contención del querellado de que la aceptación del cargo de Secretario de la Capital creó unà vacante en su cargo de Senador, no es sostenible. Siendo dicho cargo, según hemos resuelto, un cargo civil bajo el Gobierno de Puerto Rico, el nombramiento extendido por el Administrador de la Capital a favor del querellado es nulo *ab initio* y no puede ser convalidado por la mera aceptación del querellado. Además, el récord demuestra que el querellado ocupaba el cargo de Senador en la fecha en que fué nombrado para el cargo de Secretario de la Capital; que después de haber tomado posesión del cargo municipal no solamente no renunció el cargo de Senador, sino que continuaba ocupándolo en la fecha de la celebración de la vista del caso, en mayo 26 de 1941; y que al ser preguntado si al aceptar el cargo de secretario tuvo la intención de renunciar el de Senador, contestó: "No la tuve", añadiendo que no tenía la

intención de abandonar su puesto en el Senado. Toda esa evidencia, ■ más el conocimiento judicial que toma esta Corte de que el querellado ha continuado y continúa en la actualidad ocupando su sitio en el Senado, demuestra fuera de toda duda el propósito firme y deliberado del querellado de continuar ocupando ambos cargos en violación de las disposiciones de la Carta Orgánica.

Las mismas razones de índole moral que pueden invocarse para sostener que un senador o representante no puede ni debe ocupar un cargo civil *en el Gobierno de Puerto Rico,* pueden ser invocadas para sostener que tampoco debe ocupar un cargo civil *bajo el Gobierno de Puerto Rico.*

■ La contención del apelante, hecha oralmente en el acto de la vista de esta apelación, al efecto de que Luis A. Castro, habiendo abandonado el cargo, no tenía interés para radicar este procedimiento de quo warranto, carece de méritos. El querellante no reclama que se le ponga en posesión del cargo. Al autorizar el procedimiento, el Attorney General de Puerto Rico, lo hizo por el interés público envuelto en el mismo. *Santiago* v. *Feuille,* 10 D.P.R. 432; *Pueblo* v. *Oliveras,* 33 D.P.R. 743; *Ex rel. Pérez* v. *Manescáu,* 33 D.P.R. 739.

*Por las razones expuestas, se declara con lugar la querella y se modifica la sentencia recurrida, declarando y resolviendo que el querellado Lino Padrón Rivera ocupa y está desempeñando ilegalmente el cargo de Secretario de la Capital desde la fecha en que tomó posesión del mismo o sea desde el 22 de abril de 1941, y que dicho querellado deberá abandonar y cesar inmediatamente en el desempeño de dicho cargo, bajo apercibimiento de que si se negare a hacerlo se librará el oportuno mandamiento para que la sentencia sea ejecutada por el Márshal, con imposición de costas al querellado, sin incluir honorarios de abogado. Y así modificada se confirma.*