El Pueblo de Puerto Rico, demandante y apelado, *v.* Cristóbal Lamboy, acusado y apelante.

Núm. 8789.—*Sometido:* Julio 15, 1941. *Resuelto:* Julio 21, 1941.

*Francisco Torres Aguiar,* abogado del apelante; *Hon. Procurador
General Interino Emilio de Aldrey, R. A. Gómez, Fiscal del
Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,*
abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tri-
bunal.

En la denuncia formulada contra el acusado apelante en
mayo 13 de 1940, se le acusó de haber abandonado a su hijo
José Antonio Lamboy, menor de edad, dejando de proveerle
los alimentos y vestidos necesarios para su vida y bienestar.
Condenado a un mes de cárcel, con la condición de que la
sentencia quedará en suspenso mientras le pase a su hijo un
dólar semanal, no estuvo conforme el acusado y apeló. Para
sostener su recurso alega: que la corte inferior carecía de
jurisdicción para conocer del caso; que la denuncia no aduce
hechos constitutivos de delito; que la evidencia es insuficiente
para sostener la sentencia; y que la corte actuó movida por
pasión, prejuicio y parcialidad al no darle la debida conside-
ración a la prueba de la defensa.

¿Tenía jurisdicción la Corte de Distrito de San
Juan para conocer del caso y dictar la sentencia recurrida?
Si no la tenía, será innecesario considerar las otras cuestio-
nes levantadas por el apelante.

La sentencia fué dictada en 25 de septiembre de 1940.
En 30 de abril de 1940, la Asamblea Legislativa Insular
aprobó la ley núm. 108, titulada ''Ley para conceder alimen-
tos a los hijos ilegítimos, fueren o no reconocidos; determi-

nar la responsabilidad de los padres; establecer el procedimiento y penalidad por su incumplimiento, y para otros fines," la cual debía comenzar a regir noventa días después de su aprobación, o sea el 29 de julio de 1940.

La citada ley núm. 108, en lo que es esencial, dispone, en síntesis, lo siguiente:

La sección 1ª. impone al padre primero y a la madre después la obligación de alimentar, vestir, educar y albergar a su hijo ilegítimo, *menor de 16 años,* esté o no reconocido.

La sección 2ª. provee que el que faltare a esa obligación "o se negare voluntariamente a cumplirla y persista en su negativa después de haber sido requerido para ello," será castigado de acuerdo con lo dispuesto en el Código Penal.

La sección 3ª. dispone que el requerimiento lo ordenará el juez municipal de la residencia de los padres, a solicitud escrita y jurada de la persona que tenga bajo su cuidado al menor.

Dispone la 4ª. que dentro de los 8 días siguientes al requerimiento, el requerido deberá comparecer ante el juez que le requirió "y aceptar o no la paternidad." Si la acepta, se levantará un acta en la que se hará constar la obligación que contrae el requerido para con el menor.

Provee la 5ª. que si después de haber comparecido y aceptado la paternidad, dejare el padre de cumplir sus obligaciones para con el menor, el juez municipal enviará las diligencias a la Corte para Niños del distrito donde resida el menor. El juez, si estimare que hay causa probable, ordenará que se formule denuncia contra el presunto padre y procederá a celebrar el juicio de acuerdo con lo prescrito en el Código de Enjuiciamiento Criminal. Dispone además la sección 5, que "la jurisdicción de las cortes para niños será exclusiva para conocer de los casos comprendidos en esta ley," y que de sus sentencias podrá apelarse para ante la Corte Suprema.

La sección 6ª. dispone que cuando un padre o madre *que hubiere aceptado la paternidad del menor* fuere condenado

*por haber dejado de cumplir sus obligaciones para con el hijo,*
el juez podrá suspender la sentencia, conforme al artículo 263
del Código Penal.

Cuando se formuló la denuncia, en mayo 13 de 1940, la
nueva ley no estaba aún en vigor, pero sí lo estaba en sep-
tiembre 21 de 1940, fecha en que el acusado compareció ante
la corte de distrito, le fué leída la acusación, hizo alegación
de ser inocente y fué juzgado, convicto y sentenciado.

El artículo 263 del Código Penal, enmendado por ley núm.
35 de abril 24, 1931, dispone:

"Artículo 263.—Todo padre o madre de un hijo legítimo, legi-
timado, natural o ilegítimo reconocido y adoptivo que voluntariamente
y sin excusa legal, dejare de cumplir cualesquiera de las obligaciones
que la ley le impone, de proveerle del indispensable alimento, ves-
tuario o asistencia médica, incurrirá en *misdemeanor; Disponiéndose,*
etc."

De acuerdo con las claras disposiciones del citado artículo,
cualquier padre o madre que dejaba de cumplir sus obliga-
ciones para con el hijo menor podía ser denunciado, juzgado
y sentenciado sin necesidad de que se llenara formalidad pre-
via alguna. La ley núm. 108 de 1940 (sección 2) enmienda
el artículo 263 del Código Penal, en cuanto a los hijos ilegí-
timos se refiere, al disponer que "el que faltare a esa obli-
gación o se negare voluntariamente a cumplirla y persista
en su negativa *después de haber sido requerido para ello"*
sufrirá la pena que dispone el Código Penal. El propósito
evidente del legislador ha sido el de dar al padre que ha
abandonado al hijo ilegítimo menor de 16 años de edad, una
última oportunidad para cumplir sus obligaciones y evitar
que se incoe contra él un proceso criminal por infracción al
artículo 263 del Código Penal. Desde el momento en que
comenzó a regir la ley núm. 108 de 1940, ningún presunto
padre puede ser procesado y castigado por abandono de su
hijo menor, si no se le ha requerido previamente, en la forma
prescrita por la sección 4ª. de dicha ley, para que diga si
acepta o si no acepta la paternidad y haga constar en un

acta lo que se compromete a hacer y cumplir en beneficio del menor. Si después de ser requerido, comparece ante el juez municipal y acepta la paternidad, esa aceptación le coloca, ipso facto, bajo la jurisdicción de la Corte para Niños; y si después de tal aceptación y de haberse comprometido a sostener al menor, faltare al compromiso contraído con la Corte para Niños, ésta tendrá desde ese momento jurisdicción exclusiva para procesarle y condenarle por infracción del artículo 263 del Código Penal.

Si el presunto padre del menor ilegítimo, al ser requerido de acuerdo con las citadas disposiciones de la nueva ley, se niega a comparecer ante el juez municipal o comparece y no acepta la paternidad, y se niega a proveer lo necesario para el bienestar del menor, en ese caso y desde ese momento el presunto padre podrá ser juzgado y sentenciado, de acuerdo con el artículo 263 del Código Penal, por el tribunal ordinario que tenga jurisdicción para conocer del caso. Mientras no se haya cumplido con el requisito del previo requerimiento, el presunto padre del menor no puede ser considerado como un infractor de la ley. En otras palabras, la causa de acción nace cuando, después de ser requerido, el padre se niega a aceptar la paternidad.

Cuando el acusado compareció en septiembre 21 de 1940 a oír la acusación, ya la ley núm. 108 estaba vigente. Y tratándose de una ley beneficiosa para el acusado, éste tenía derecho a exigir que no se le procesase ni se le condenase, sin que se le diera antes una oportunidad de aceptar la paternidad del menor o de repudiarla. No habiéndose cumplido con el requisito del previo requerimiento del presunto padre, la corte de distrito que le condenó carecía de jurisdicción para juzgarle. Véanse: *Ball* v. *Tolman*, 135 Cal. 375; Sutherland, *Statutory Construction*, sec. 166; y *El Pueblo* v. *Pérez*, 52 D.P.R. 169.

■ La contención del fiscal de que la cuestión jurisdiccional debe ser desestimada porque fué levantada por primera vez en el juicio *de novo* ante la corte de distrito, des-

pués de practicada la prueba de cargo, y no se levantó como excepción perentoria a la denuncia, carece de méritos. La excepción de falta de jurisdicción es privilegiada y puede ser levantada en cualquier momento, especialmente si la falta de jurisdicción surge de la prueba de cargo, como sucedió en este caso. En la denuncia no se alegó la condición del menor. Si de la prueba resultaba que era legítimo, en ese caso la corte tenía jurisdicción de acuerdo con el artículo 263 del Código Penal. Si por el contrario la evidencia demostraba, como lo demostró, que se trataba de un hijo ilegítimo, entonces la ley núm. 108 de 1940 era aplicable y no habiéndose cumplido sus preceptos la corte no adquirió jurisdicción.

Tampoco estamos de acuerdo con la contención del fiscal al efecto de que la alegación de inocencia hecha por el acusado al serle leída la acusación, equivalía a la no aceptación de la paternidad, necesaria para conferir jurisdicción a la corte de distrito que le condenó. La alegación de inocencia no puede ser interpretada como equivalente a la no aceptación de la paternidad, porque la negativa a aceptar la paternidad, que convierte al padre del ilegítimo en un infractor de la ley y da jurisdicción a la corte municipal y a la de distrito para juzgarle, es aquella que se hace ante el juez municipal, dentro de los ocho días siguientes al requerimiento y antes de que se formule una denuncia.

*Por las razones expuestas debe revocarse la sentencia y absolverse al acusado apelante.*