El Pueblo de Puerto Rico, demandante y apelado, *v.* Manuel Antonio Emanuelli, acusado y apelante.

Núm. 9636.—*Sometido:* Noviembre 18, 1942. *Resuelto:* Diciembre 23, 1942.

*R. Hernández Matos,* abogado del apelante; *Hon. Procurador General Interino M. Rodríguez Ramos, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La corte inferior, en grado de apelación, sentenció al apelante por un delito de abandono de menores a sufrir un mes de cárcel y las costas, dejando en suspenso la sentencia siempre que el acusado pasara a dicho menor la suma de $2 semanales para su alimentación. De la faz de la denuncia aparece afirmativamente que la denunciante, madre del menor, al jurarla, sólo contaba diecinueve años de edad, y no se ·alega en forma alguna que antes de radicarse la denuncia se hubiese practicado el requerimiento prescrito por la Ley núm. 108 de abril de 1940 (pág. 673), a pesar de tratarse de un hijo ilegítimo menor de dieciséis años de edad. Sostiene el apelante que la sentencia debe ser revocada: (*a*) porque la corte inferior carecía de jurisdicción para conocer del caso; (*b*) porque la denuncia es insuficiente para imputar un delito público; (*c*) por haberse admitido en evidencia la investigación practicada por la corte municipal requerida por la citada Ley núm. 108, y por último (*d*) porque la prueba es insuficiente para sostener dicha sentencia.

■ La primera cuestión está fundada en que siendo la denunciante menor de veintiún años carece de personalidad legal para jurar una denuncia. Los artículos 22 y 23 del Código de Enjuiciamiento Criminal, al tratar de las personas que pueden formular denuncias y de la forma de las mismas, no exigen que el denunciante sea mayor de edad. Basta que tenga la capacidad suficiente para prestar una declaración jurada, que no otra cosa es la denuncia; y el artículo 39 de la Ley de Evidencia, 401 del Código de Enjuiciamiento Civil (ed. 1933), tratando de las personas que no pueden ser testigos por razón de su edad, limita la prohibición a los niños menores de diez años que aparecieren incapaces de recibir impresiones exactas de los hechos respecto a los cuales fueren examinados o relatarlos con exactitud. Teniendo la denunciante al jurar la denuncia la edad de diecinueve

años, su capacidad para jurar la de este caso no puede ser cuestionada por razón de su edad.

▇ Concedemos que de conformidad con la Ley núm. 108 de 1940 ningún presunto padre de un hijo ilegítimo menor de dieciséis puede ser procesado en los tribunales ordinarios por un delito de abandono de menores si no se le ha requerido previamente para que acepte o niegue la paternidad y ha dejado de asistir a la audiencia o ha negado la paternidad. Véase *Pueblo* v. *Lamboy,* 59 D.P.R. 174. Pero esto no significa que en la denuncia ,que se formule por infracción al artículo 263 del Código Penal, que define y castiga el delito de abandono de menores, sea preciso alegar que se practicó el requerimiento y que el acusado no asistió, o habiendo asistido, negó la paternidad. La ley especial sobre la materia, la número 108 antes citada, no lo exige, y el artículo 23 del Código de Enjuiciamiento Criminal que prescribe la forma en que debe redactarse la denuncia, sólo requiere que la "declaración jurada" contenga tan detalladamente como sea posible la naturaleza del delito y las circunstancias que hayan concurrido en su perpetración. Pero la investigación ante el juez municipal no es un elemento del delito. Sencillamente es un procedimiento preliminar a la iniciación del proceso, y sabido es que el haberse celebrado tales procedimientos no tiene que alegarse en la acusación. En otras palabras, la cuestión no es materia de alegaciones, sino de evidencia, y es al acusado a quien incumbe alegar y probar que el procedimiento preliminar no existió. Véanse *Caples* v. *State,* 26 L.R.A. (N.S.) 1033, 1043; *State* v. *Barnett,* 87 Am. Dec. 471 y su anotación; *Canard* v. *State,* 139 Am. Stat. Rep. 949 y su anotación. En el caso de *Pueblo* v. *Lamboy,* supra, la cuestión no fué alegada como defecto de la acusación, sino que se probó que al verse el juicio *de novo* en la corte de distrito, ya estaba en vigor la Ley núm. 108 antes citada, y como el acusado no había tenido la oportunidad de admitir o negar la paternidad dentro de la investigación

preliminar a que se refiere dicha ley, esta corte revocó la sentencia por habérsele privado de ese derecho.

■ La Corte para Niños no tenía jurisdicción sobre este caso, como en contrario sostiene el apelante, porque de acuerdo con los claros términos de la citada Ley núm. 108 esa jurisdicción se concede a dicha corte cuando al celebrarse la investigación ante el juez municipal o de paz el acusado admite la paternidad y luego deja de cumplir sus obligaciones para con su hijo. Es verdad que en el presente caso, al practicarse la investigación el 14 de octubre de 1941 y no obstante haber negado el acusado la paternidad, el juez municipal equivocadamente dió traslado del caso en la fecha últimamente citada, a la Corte para Niños del distrito de Ponce; pero advertido luego del error, se procedió, con fecha 7 de abril de 1942, a formular la correspondiente denuncia y se instituyó el proceso que culminó en la sentencia apelada.

■ Carece de mérito la contención del apelante al efecto de que los hijos adulterinos, como lo es el de este caso, no están incluídos en las disposiciones del artículo 263 del Código Penal. El hijo adulterino es un hijo ilegítimo, y por tanto está incluído en las disposiciones de dicho artículo conforme fué interpretado por este Tribunal en el caso de *Pueblo* v. *López*, 54 D.P.R. 294. No nos ha convencido el apelante de que la doctrina establecida en dicho caso sea errónea y no estamos dispuestos a variarla.

■ No erró la corte sentenciadora al admitir en evidencia la investigación preliminar relativa a la paternidad, practicada por el juez municipal de Ponce. El fiscal no estaba obligado a presentarla, pues como antes decimos, era una defensa que incumbía levantar y probar al acusado y no puede éste quejarse de la admisión de una prueba que en forma alguna podía serle perjudicial.

■■ Por último, el apelante alega que la evidencia es insuficiente para sostener la sentencia. Del récord aparece que el acusado no presentó prueba alguna en su defensa,

limitándose exclusivamente a formular una moción de non-suit que fué desestimada. La prueba que presentó el fiscal y a la que dió crédito la corte, tendió a probar que el menor a que se refiere la denuncia es hijo ilegítimo del acusado, y que por lo menos desde agosto de 1941 éste había dejado de pasarle los alimentos necesarios. Es verdad que algunos de los testigos, entre ellos la propia denunciante, declararon que después de agosto de 1941, probablemente después de instado este proceso, el acusado le ofreció pequeñas cantidades. que fueron rechazadas por insuficientes. No creemos que la denunciante estaba obligada a aceptarlas en tales condiciones. No hay motivo alguno para que alteremos la apreciación que de la evidencia hiciera el juez sentenciador.

*Procede desestimar el recurso y confirmar la sentencia apelada.*