EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BONIFACIO AVILÉS PÉREZ, acusado y apelante.

Núm. 11330.—*Sometido:* Abril 9, 1946. *Resuelto:* Junio 14, 1946.

*García Méndez & García Méndez,* abogados del apelante; *Hon. Pro-*
*curador General E. Campos Del Toro, Luis Negrón Fernández,*
*Primer Procurador General Auxiliar, y J. Correa Suárez, Fiscal*
*Auxiliar del Tribunal Supremo.* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelante fué convicto por la Corte de Distrito de Aguadilla de un delito de abandono de menores en un proceso que se inició en la Corte Municipal del mismo pueblo. En la denuncia, suscrita por Narcisa Márquez, se alegó, en síntesis, que "desde el mes de febrero de 1941 y hasta el día de hoy y en el Barrio Capá, de Moca, P. R., . . . el referido acusado Bonifacio Avilés Pérez, ilegal, voluntaria y maliciosamente . . . . . *sin causa legal que lo justificara* . . . . tiene en completo abandono a sus hijos Carmen, Nemesio, José Antonio, Ismael, Wilson, Elba y Edwin Márquez, de 15, 14, 12, 10, 9, 7 y 3 años de edad, respectivamente, hijos de este acusado y esta denunciante, sin proveerles de lo necesario para su subsistencia tal como alimentación, vestuario y medicinas a pesar de haber sido requerido para ello por esta denunciante insistentemente."

En este recurso alega que la corte inferior erró al declarar sin lugar la excepción perentoria presentada contra la acusación (sic), al admitir en evidencia papeles sin di-

recciones, ni fechas, ni firmas y sin identificación apropiada como supuestas cartas del acusado y que la sentencia es contraria a la evidencia presentada, incurriendo la corte en manifiesto error en su apreciación.

La excepción perentoria se basó en dos fundamentos, a saber, 1°. que no se alega en la denuncia que el dejar el acusado de alimentar a sus hijos lo hiciera "sin excusa legal" según dispone el artículo 263 del Código Penal ([1]) y 2°. que el acusado no queda afectado por dicho artículo ya que los supuestos hijos a que se refiere la denuncia no son hijos ilegítimos reconocidos y si ilegítimos no reconocidos.

■ Veamos el primer fundamento. Es cierto que en la denuncia se usó la frase "sin causa legal que lo justificara" en lugar de la frase "sin excusa legal" que aparece en el artículo 263, supra. Empero, ambas frases, sustancialmente, significan lo mismo. En el caso de *Donaghy* v. *State,* 100. A. 696 (Del., 1917) se dijo, y citamos del sumario 10 que "En relación con abandono de un hijo menor de edad, la expresión estatutaria 'sin excusa legal' es sinónima con la expresión 'sin justa causa . . . ' " y en el de *State* v. *Constable,* 112 S. E. 410, (W. Va., 1922) se resolvió que la frase "sin justa causa" usada en una acusación por abandono de menores era el equivalente de las palabras "sin excusa legal" contenida en el código. Como se dijo en *State* v. *Craig,* 159 S. E. 559 (S. Carolina, 1931), la distinción entre las palabras "causa" y "excusa" es grandemente metafísica ya que la primera significa "aquello que ocasiona o efectúa un resultado" y la segunda se deriva de *ex causa* que significa

---

([1])El artículo 263 lee como sigue:

"Todo padre o madre de un hijo legítimo, legitimado, natural o ilegítimo reconocido y adoptivo que voluntariamente y sin excusa legal, dejare de cumplir cualesquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrirá en *misdemeanor; Disponiéndose, sin embargo,* que cuando se denuncie a una persona bajo las disposiciones de este artículo y fuere sentenciada, la corte podrá dejar en suspenso la ejecución de la sentencia bajo las condiciones que tenga a bien imponer para bienestar del niño."

"aquello que se ofrece como razón para ser excusado; una alegación ofrecida en atenuación de una falta o conducta irregular; aquello que atenúa o justifica una falta."

Bajo una u otra frase, el fiscal venía obligado a probar los mismos hechos. La denuncia, sustancialmente, usa las palabras del estatuto y es suficiente para informar al acusado la naturaleza del delito que se le imputó. *Pueblo* v. *Ortiz,* 60 D.P.R. 536.

██ La cuestión planteada por el segundo fundamento de la excepción perentoria ha sido resuelta en contra del apelante en el caso de *Pueblo* v. *López,* 54 D.P.R. 294, en el que resolvimos, y copiamos del sumario, que: "La esencia del delito de abandono de menores consiste en el abandono voluntario y sin excusa de los hijos, sean éstos de la clase que fueren." Esta doctrina fué confirmada en *Pueblo* v. *Osorio,* 57 D.P.R. 1002, y posteriormente en *Pueblo* v. *Emanuelli,* 61 D.P.R. 209, 212, en el que dijimos:

"Carece de mérito la contención del apelante al efecto de que los hijos adulterinos, como lo es el de este caso, no están incluídos en las disposiciones del artículo 263 del Código Penal. El hijo adulterino es un hijo ilegítimo, y por tanto está incluído en las disposiciones de dicho artículo conforme fué interpretado por este Tribunal en el caso de *Pueblo* v. *López,* 54 D.P.R. 294. No nos ha convencido el apelante de que la doctrina establecida en dicho caso sea errónea y no estamos dispuestos a variarla."

Tampoco nos ha convencido el apelante en el presente caso, no obstante la extensa argumentación contenida en su alegato, de que debemos variar la doctrina sentada en los casos citados.

██ No se cometió el primer error señalado y en cuanto al segundo, aceptando sin resolverlo que la corte errara al admitir en evidencia las supuestas cartas del acusado, dicho error no fué perjudicial pues hubo amplia prueba adicional, a la cual la corte dió crédito, que tendía a probar los mismos hechos a que se referían las cartas, es decir, las relaciones existentes entre el acusado y la denunciante y sus hijos.

■ Hemos examinado detenidamente la transcripción de la evidencia y no estamos convencidos de que la corte sentenciadora cometiera manifiesto error al apreciar la prueba. Fué contradictoria, pero la de cargo creída por la corte es suficiente para sostener la sentencia, *la cual debe ser confirmada.*