María Rosario Martínez, etc., demandantes y apelados, *v.* Juan Suárez Pérez, demandado y apelante.

Núm. 9519.—*Sometido:* Julio 1, 1947. *Resuelto:* Julio 11, 1947.

*II. Torres Solá,* abogado del apelante; *V. Géigel Polanco* y *Santiago Polanco Abréu,* abogados de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En este caso sobre reconocimiento involuntario de hijos naturales y alimentos el Tribunal de Distrito de San Juan declaró con lugar la demanda en sus dos causas de acción. En la sentencia hizo constar, en cuanto a la primera sobre filiación, lo siguiente:

"Se declara a Juan, Héctor Luis, Miguel Angel y Luisa, nacidos en 26 de noviembre de 1924, 21 de mayo de 1928, 15 de junio de 1938 y 25 de agosto de 1939, respectivamente, hijos naturales reconocidos del demandado Juan Suárez Pérez, de conformidad con lo preceptuado por el párrafo segundo de la sección 2 de la Ley núm. 229 de 12 de mayo 1942 ((1) pág. 1297), según dicha sección fué enmendada por el art. 2 de la Ley núm. 243 de 12 de mayo de 1945 (pág. 815).(1)

Condenó, además, al demandado a pasarle a la demandante $94 mensuales para los alimentos de sus tres hijos menores

---

(1)Dicha sección 2 dispone:

"Los hijos nacidos fuera de matrimonio con anterioridad a la fecha de vigencia de esta Ley y que no tenían la condición de hijos naturales según la legislación anterior, podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, a todos los efectos legales. Estos hijos quedarán legitimados por el subsiguiente matrimonio de sus padres entre sí.

"En caso de que los hijos a que se refiere esta sección no fueren reconocidos por la acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, dichos hijos se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres. La acción para este reconocimiento se tramitará de acuerdo con el procedimiento que fija el Código Civil de Puerto Rico para el reconocimiento de hijos naturales; *Entendiéndose, sin embargo,* que tal reconocimiento sólo tendrá el alcance que aquí se expresa."

Héctor Luis, Miguel Angel y Luisa([2]) y a pagar $350 por concepto de honorarios de abogado de la demandante.

No conforme el demandado apeló y en este recurso alega que la corte inferior erró, 1ro., al declarar a Juan Rosario hijo natural reconocido del demandado; 2do., al dejar de resolver que el reconocimiento de los demandantes en este caso no tiene otro efecto que el de llevar el apellido de su padre y el derecho a percibir alimentos; 3ro., al condenar al demandado a pasar alimentos para el menor Héctor Luis, quien, al radicarse la demanda enmendada, había cumplido más de 17 años de edad; 4to., al fijar la pensión alimenticia en la cantidad de $94, y 5to., al condenar al demandado a pagar honorarios de abogado y al fijarlos en la suma de $350.

Funda el primer señalamiento el apelante en el hecho de que habiendo el demandante Juan Rosario, al radicarse la demanda enmendada el 6 de febrero de 1946, llegado a su mayoría de edad, no podía estar representado en la acción por su madre María Rosario. Esta cuestión no fué levantada ante el tribunal inferior pero de todas maneras carece de méritos el error señalado. Cuando se inició la acción, el 25 de octubre de 1945, Juan Rosario era menor de edad y correspondía a su madre con patria potestad representarlo y el hecho de que en el transcurso del procedimiento él llegara a su mayoridad, no implica que tuviera que iniciar nueva acción para obtener su filiación. La acción iniciada por la madre no era para su propio beneficio sino para el de sus hijos que eran los que podían obtener sentencia reconociéndoles su condición de hijos naturales del demandado, con ciertas limitaciones.

No comprendemos el motivo del segundo error señalado. Si la corte inferior en su sentencia limitó expresamente el alcance del reconocimiento de los demandantes como hijos naturales del demandado "de conformidad con lo preceptuado por el párrafo segundo de la sección 2 de la Ley núm. 229

---

([2])El otro hijo, Juan, había cumplido la mayoría de edad después de iniciada la acción.

de 12 de mayo de 1942, según dicha sección fué enmendada por el art. 2 de la Ley núm. 243 de 12 de mayo de 1945'' y esta sección de la ley dispone que ''dichos hijos se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres,'' ¿por qué se queja el apelante de que la corte sentenciadora dejó de resolver que el reconocimiento de los demandantes en este caso no tiene otro efecto? El hecho de que la corte en su opinión dijera que ''Es innecesario que determinemos si en el caso de autos la aceptación por el padre en su contestación enmendada de los hechos esenciales y pertinentes de la primera causa de acción de la demanda enmendada tiene o no el alcance de convertir el reconocimiento en uno·'por acción voluntaria' del padre y por ende si como resultado de ello tal reconocimiento se hace 'a todos los efectos legales' . . . ,'' no desvirtúa ni hace dudosa, como arguye el apelante, la conclusión que expresó la corte en su sentencia. Consistentemente hemos resuelto que es la sentencia la que es objeto de revisión en apelación y no los fundamentos expuestos en la opinión del juez sentenciador. *Serrallés* v. *Saurí,* 44 D.P.R. 402; *Totti* v. *Fernández,* 40 D.P.R. 636; *Pueblo ex rel. Castro* v. *Padrón Rivera,* 60 D.P.R. 798.

Arguye el apelante en apoyo de su tercer señalamiento que de acuerdo con la Ley núm. 108 de 30 de abril de 1940 (pág. 673), erró la corte inferior al condenarle a pasar alimentos al demandante Héctor Luis cuando ya éste era mayor de dieciséis años de edad.

Las secciones 1 y 2 de la Ley núm. 108, supra, disponen lo siguiente:

''Sección 1.—El padre en primer término y la madre después, están obligados a alimentar, vestir, sostener, educar y procurar albergue a sus hijos ilegítimos, fueren o no reconocidos, menores de dieciséis años de edad de acuerdo con las necesidades de los menores y en relación con los medios de que puedan disponer los padres.

''Sección 2.—El padre o la madre que faltare a esa obligación o se negare voluntariamente a cumplirla y persista en su negativa

después de haber sido requerido para ello sufrirá la pena correspondiente al abandono y descuido de menores fijada en las disposiciones del Código Penal."

Sostiene el apelante que, de acuerdo con la sección primera, supra, la obligación del padre o de la madre de pasar alimentos a los hijos ilegítimos, fueren o no reconocidos, ha quedado limitada únicamente para con aquellos hijos que sean menores de dieciséis años de edad. No es así. Lo que. ha hecho la Asamblea Legislativa es limitar la acción penal contra el padre o la ·madre, por violación de la Ley núm. 108 de 1940, cuando se trata del abandono de hijos ilegítimos, reconocidos o no, menores de dieciséis años de edad. Esto no significa, sin embargo, que la reclamación civil de alimentos, en acción aislada o formando parte de una demanda de filiación, no proceda por los hijos ilegítimos, mayores o menores de dieciséis años de edad, de acuerdo con el derecho que les reconoce el artículo 128 en relación con el artículo 143 del Código Civil. Se limitó la acción penal pero no la civil y ya hemos resuelto en un caso sobre la misma materia y siguiendo jurisprudencia de California, que "las disposiciones de la ley civil sobre la materia en nada influye en la interpretación que debe darse al estatuto criminal." *El Pueblo* v. *Ferrán*, 26 D.P.R. 263, 265. En igual forma las disposiciones de la Ley 108 de 1940 o del Código Penal sobre el delito de abandono de menores, en nada deben influir en cuanto a la interpretación que deba darse al Código Civil. Por razones que desconocemos, pero que creyó justificadas, el legislador limitó la acción penal contra los padres a los casos por abandono de sus hijos ilegítimos menores de dieciséis años de edad. Empero, en ninguna forma, que· sepamos, ha limitado el derecho de los hijos ilegítimos a reclamar alimentos de sus padres[3] en la acción civil correspondiente.

---

[3] Por el contrario extendió recientemente la obligación recíproca de darse alimentos al enmendar el inciso 4 del art. 143 del Código Civil por la Ley núm. 449 aprobada el 14 de mayo de 1947 ((1) pág. 949), en· esta forma: "4. Los padres y los hijos ilegítimos y los descendientes legítimos, *naturales* e *ilegítimos* de éstos." (Bastardillas nuestras. )

El cuarto y quinto señalamientos impugnan la cuantía de la pensión mensual fijada en $94 para los tres hijos menores de edad y la concesión de $350 en concepto de honorarios de abogado. La prueba del demandado tendió a demostrar que él tiene ingresos mensuales que fluctúan entre $800 y $900 y gastos mensuales de más de $870. La corte inferior evidentemente no dió crédito a la partida de egresos y concluyó que $5 semanales que el demandado le pasaba a los demandantes era claramente insuficiente y que aceptando que el demandado en sus gastos personales invertía $175 mensuales, la suma de $94 para los tres hijos era razonable y así lo consideraremos nosotros. En cuanto a la condena de honorarios, a nuestro juicio, no erró la corte *a quo* al resolver, 1ro., que el demandado fué temerario y, 2do., que dichos honorarios forman parte de los alimentos a que tienen derecho los demandantes. *Valdés* v. *Tribunal de Distrito*, resuelto el 8 de mayo de 1947, ante, pág. 310.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Marrero no intervino.