EL PUEBLO DE PUERTO RICO, demandante y recurrente, *v.* PEDRO RODRÍGUEZ REYES, acusado y recurrido.

*Número:* 59     *Resuelto:* 23 de noviembre de 1962

574

J. B. Fernández Badillo, Procurador General, Arturo Estrella, Subprocurador General, y Carlos G. Látimer, Procurador General Auxiliar, abogados de El Pueblo; Lorenzo Piñeiro Rivera, José Efraín Cabrera Rivera y E. L. Belén Trujillo, abogados del acusado.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: ■ La resolución en este caso requiere determinar si la Ley Núm. 108 de 30 de abril de 1940—31 L.P.R.A. secs. 509–514(¹)—enmendó el artículo 263 del

---

(¹) La Ley 108 dispone lo siguiente:

Sección 1.— "El padre en primer término y la madre después, están obligados a alimentar, vestir, sostener, educar y procurar albergue a sus hijos ilegítimos, fueren o no reconocidos, menores de dieciséis años de edad de acuerdo con las necesidades de los menores y en relación con los medios de que puedan disponer los padres."

Sección 2.— "El padre o la madre que faltare a esa obligación o se negare voluntariamente a cumplirla y persista en su negativa después de haber sido requerido para ello sufrirá la pena correspondiente al abandono y descuido de menores fijada en las disposiciones del Código Penal."

Sección 3.— "El requerimiento indicado en el artículo 2 anterior lo ordenará el Juez de Distrito del municipio donde residan los presuntos padres del menor, a solicitud por escrito y bajo juramento de cualquier persona que tenga bajo su cuidado a dicho menor."

Sección 4.— "Dentro de los ocho (8) días del requerimiento el requerido deberá comparecer ante el funcionario que le hubiere requerido y aceptará o no la paternidad. Si la aceptare manifestará si está conforme con cumplir con su obligación de proveer del indispensable alimento, vestuario y asistencia médica al menor abandonado, y se levantará un acta contentiva de las manifestaciones de las partes comparecientes."

Sección 5.—"Si después de haber comparecido el presunto padre o madre ante el Juez de Distrito o de Paz y hubiera aceptado la paternidad dejare de cumplir sus obligaciones para con el menor, dicho juez enviará las diligencias a la sala del Tribunal Superior de la residencia del menor y el juez de la referida corte ordenará, si existe causa probable, que por la persona querellante o por un oficial probatorio, se presente ante la corte por abandono de menores la correspondiente denuncia contra el presunto padre o madre responsable del abandono y descuido del menor

Código Penal—33 L.P.R.A. sec. 991,—de manera que el delito de abandono de menores provisto por esta última disposición ha sido limitado por dicha ley, en cuanto a hijos ilegítimos se refiere, al abandono de aquéllos que son menores de dieciséis años. Creemos que no, que tal enmienda no se ha hecho ni expresa ni tácitamente, y que, por el contrario, la referida Ley 108 establece (a) un procedimiento sumario para obtener la aceptación de la paternidad de los hijos ilegítimos menores de dieciséis años, y, (b) cuando se admite la paternidad, la obligación de proveerle alimento, asistencia médica y vestuario a tal menor subsiste hasta que cumpla la edad de dieciséis años solamente.

Es justo consignar que la consideración y estudio de esta cuestión se ha facilitado grandemente por la cuidadosa y exacta exposición del caso, a la luz de los hechos en que las partes están de acuerdo, y por el análisis tan claro y agotador que se hace del problema legal, tanto en las resoluciones del Tribunal de Distrito, Sala de Río Piedras, y del Tribunal Superior, Sala de San Juan, como en los hábiles alegatos sometidos por el Procurador General y por los letrados que han representado al recurrido.

En el alegato del recurrente se resumen los hechos del caso así:

"El acusado, Pedro Rodríguez Reyes, fue requerido, conforme a la Ley Núm. 108 de 30 de abril de 1940 (Leyes de Puerto Rico, 1940, pág. 673; 31 L.P.R.A., Secs. 509–514), para que, como presunto padre del menor Pedro Torres, cumpliera

---

y se procederá a celebrar el juicio siguiendo el procedimiento establecido para tales delitos en el Código de Enjuiciamiento Criminal.

La jurisdicción del Tribunal Superior será exclusiva para conocer de los casos comprendidos en esta Ley y contra las sentencias, que pronunciare, podrá establecerse apelación por el padre o madre declarado culpable del abandono para ante el Tribunal Supremo de Puerto Rico."

Sección 6.— "Cuando un padre o madre que hubiere aceptado la paternidad del menor fuere condenado por virtud de esta Ley, de haber dejado de cumplir sus obligaciones para con el hijo, el juez que entendiere en la causa podrá dejar en suspenso la sentencia bajo las condiciones que tuviere a bien imponer, en bienestar del menor abandonado o desamparado, conforme el artículo 263 del Código Penal."

su obligación de alimentarlo. El requerimiento se basó en la petición jurada de la señora Margarita Torres, quien alegó que había tenido relaciones maritales extramatrimoniales con el acusado, de las cuales nació el hijo ilegítimo ya mencionado y a quien el acusado había dejado de sostener desde el 13 de mayo de 1953 al no proveerle del indispensable alimento, vestido y asistencia médica. Para esta fecha el menor tenía once años de edad.

El acusado compareció a contestar el requerimiento y negó ser el padre del menor, por lo cual se ordenó la radicación de una denuncia en su contra por el delito de Abandono de Menores, artículo 263 del Código Penal, 33 L.P.R.A., sec. 991.. En este caso el acusado fue sentenciado a pagar una multa de $15.00, la que satisfizo luego de haberse desestimado la apelación que interpusiera contra dicha sentencia.

Nuevamente fue denunciado el acusado por el mismo delito, en esta ocasión sin que se le hubiera requerido previamente para que aceptara o negara la paternidad. Fue declarado culpable y sentenciado a cumplir seis meses de cárcel, sentencia que le fue suspendida a condición de que pasara una pensión alimenticia a su hijo de $10.00 semanales. Esta sentencia fue confirmada por el Tribunal Superior. Se dispuso a cumplirla sin aprovecharse de la condición, pero radicó un hábeas corpus en el Tribunal Superior alegando que la sentencia había sido dictada sin jurisdicción por los fundamentos de que la jurisdicción correspondía al Tribunal Tutelar de Menores y de que era indispensable requerírsele para aceptar o negar la paternidad, todo a virtud de la Ley Núm. 108, *supra*.

Este recurso fue declarado sin lugar, y confirmado el fallo en apelación por este Hon. Tribunal Supremo.

El acusado se decidió finalmente a darle cumplimiento a la condición suspensiva que se le impuso en la sentencia, pagándole a su hijo la pensión alimenticia de $10.00 semanales.

Así las cosas, el día 13 de mayo de 1958 dejó de pasarle la pensión alimenticia a su hijo y, requerido para que mostrara causa por la cual no debería ser recluído en prisión a cumplir la sentencia, por haber incumplido la condición que la mantenía suspendida, compareció y alegó que en dicha fecha el menor había cumplido 16 años de edad y que en virtud de la sección primera de la Ley Núm. 108, *supra*, y de lo resuelto en el caso de *Rosario* v. *Suárez*, 67 D.P.R. 589 (1947), él no venía obligado

a continuar cumpliendo con la condición establecida ya que la acción penal contra él se había extinguido."

No existe conflicto en cuanto a tales hechos.

El Tribunal de Distrito, Sala de Río Piedras, en su resolución de septiembre 30 de 1958, llegó a las siguientes conclusiones:

(1) La Ley 108, según lo resuelto en *Pueblo* v. *Lamboy*, 59 D.P.R. 174 (1941), enmendó el artículo 263([2]) del Código Penal, en cuanto a los hijos ilegítimos se refiere, al hacer jurisdiccional el requisito del requerimiento previo para la aceptación o negación de la paternidad.

(2) Según lo resuelto en *Rosario* v. *Suárez*, 67 D.P.R. 589 (1947), lo enmendó al limitar la acción penal contra el padre de hijo ilegítimo que acepta la paternidad y luego incumple su obligación, hasta que tal hijo cumple los 16 años.

(3) La Ley 108 no regula, ni controla y no se aplica al caso de padres que requeridos como cuestión previa y jurisdiccional para que acepten o nieguen la paternidad de un hijo ilegítimo, la niegan. La jurisprudencia, desde el caso de *Pueblo* v. *Lamboy*, supra, ha establecido que en los casos de negativa de la paternidad los tribunales ordinarios son los que tienen la jurisdicción bajo el artículo 263 para enjuiciar al presunto padre. *Pueblo* v. *Emmanuelli*, 61 D.P.R. 209 y *Pueblo* v. *Ramos*, 61 D.P.R. 333 (1943).

(4) El padre que dentro del procedimiento fijado por la Ley 108 niega la paternidad del hijo ilegítimo, queda sujeto a ser enjuiciado bajo el Artículo 263 del Código Penal hasta

---

([2]) El artículo 263 del Código Penal lee así: (33 L.P.R.A. sec. 991.)

"Todo padre o madre de un hijo legítimo, legitimado, natural o ilegítimo reconocido y adoptivo que voluntariamente y sin excusa legal, dejare de cumplir cualesquiera de las obligaciones que la ley le impone, de proveerle del indispensable alimento, vestuario o asistencia médica, incurrirá en delito menos grave; *Disponiéndose, sin embargo*, que cuando se denuncie a una persona bajo las disposiciones de esta sección y fuere sentenciada, la corte podrá dejar en suspenso la ejecución de la sentencia bajo las condiciones que tenga a bien imponer para bienestar del niño."

que el hijo ilegítimo cumpla los 21 años.

(5) La obligación del recurrido de pagar las pensiones alimenticias a su hijo ilegítimo no ha cesado por razón de éste haber cumplido los 16 años.

Por el contrario, el Tribunal Superior, Sala de San Juan, revocó dicha resolución por la razón que, a su juicio, la Ley 108 enmendó el Artículo 263 del Código Penal en lo relativo a la edad para reclamar alimentos del hijo ilegítimo. Con respecto a la resolución que revoca, el Tribunal Superior declaró:

"... Se especula por el Juez de la Corte de Distrito que el Legislador quiso ser indulgente con el presunto padre reduciendo el término a que su presunto hijo ilegítimo tenía derecho reclamar alimentos si ese presunto padre lo reconocía sin mayor elaboración judicial en la comparecencia al requerimiento. No podemos convenir con el distinguido compañero Juez de la Corte de Distrito con esta proposición. Los derechos inmanentes de las personas no pueden ser nunca objeto de caprichosas transacciones, y a eso equivaldría el imputar al Legislador ese propósito al aprobar la Ley 108. El Legislador sabía que existía el Artículo 263 del Código Penal Enmendado a virtud del cual un hijo ilegítimo podía ejercitar la acción criminal contra su padre. Por la Ley 108 supra el Legislador pudo haber enmendado nuevamente el Artículo 263 del Código Penal para permitir a un presunto hijo ilegítimo traer al presunto padre a responder criminalmente de su actuación negligente de no pasarle alimentos sin necesidad de poner la frase 'menores de 16 años de edad'. Pudo haber dicho el Legislador el padre en primer término y la madre después están obligados a alimentar, vestir, sostener, educar y procurar albergue a sus hijos ilegítimos fueren o no reconocidos de acuerdo con las necesidades etc. . . La frase 'menores de 16 años de edad' es una enmienda válida al Artículo 263 del Código Penal que introduce la Ley 108 para cubrir a los hijos ilegítimos sean o no reconocidos."

Determinó el Tribunal Superior que "al cumplir el hijo más de 16 años ya no tenía el acusado obligación de seguir pasando los alimentos como ordena el cumplimiento de esa

sentencia criminal. Lo procedente es iniciar la acción mediante demanda de reclamación de alimentos dando al acusado de este caso la oportunidad de defenderse en Corte."

Se señalan como errores incurridos en la resolución del Tribunal Superior (1) el determinar que al recurrido se le había juzgado bajo la Ley 108; (2) al resolver que la Ley 108 enmienda el referido Artículo 263 "en tanto en cuanto a los hijos ilegítimos se refiere"; y (3) al resolver que la Ley 108 enmienda el Artículo 263 "en lo relativo a la edad para reclamar alimentos del hijo ilegítimo".

El Procurador General hace un hábil análisis del "clima y ambiente de origen" y de la naturaleza, propósito y alcance de la referida Ley 108 al discutir conjuntamente los referidos tres errores. Informa, en síntesis, que a través de los años desde 1902 el derecho a alimentos de los hijos ilegítimos, desde el punto de vista de la ley civil, quedó, en su extensión y naturaleza, igual al de los hijos naturales y al de los legítimos; que en 1931 se enmendó el Artículo 263 del Código Penal para incluir entre los que podían ser acusados por el delito de abandono de menores a los padres de hijos ilegítimos, resolviéndose en el caso de *Pueblo* v. *López,* 54 D.P.R. 294 (1939), que el hecho de la paternidad podía ser investigado y establecido dentro del proceso criminal por abandono de menores; que en *Pérez* v. *Tribunal Superior,* 81 D.P.R. 832 (1960), este Tribunal, por decisión de 4 a 3 resolvió que la doctrina establecida en el caso de *Pueblo* v. *Santiago,* 70 D.P.R. 837 (1950), al efecto de que no se puede procesar bajo el Artículo 263 y la Ley 108 al presunto padre de un hijo ilegítimo nacido de mujer casada después de los 180 días siguientes al del matrimonio de la madre y antes de los 300 días siguientes a su disolución por divorcio, sin que antes se haya establecido la verdadera filiación en un procedimiento civil a tal efecto, no se había revocado en *Agosto* v. *Javierre,* 77 D.P.R. 471 (1954); que el próximo paso de avance en la legislación se dio en 1940 con la apro-

bación de la Ley 108, luego se aprobó la Ley Núm. 225 de 12 de marzo de 1942 y por último se culminó con el logro máximo de la Ley Núm. 17 de 20 de agosto de 1952. Arguye por lo tanto, que la Ley 108 no podía ser en forma alguna un paso de retroceso; que ésta es una ley de carácter procesal que no creó derecho sustantivo alguno en favor de los hijos ilegítimos pues la obligación de alimentar al menor ya la imponía la ley; que el propósito de esta ley fue lograr, mediante un procedimiento sumario, que el hijo ilegítimo perciba alimentos de quien lo engendró, estando este procedimiento especial y sumario íntimamente ligado a la ley que establece un sistema de Cortes para Niños, concediéndole a tales cortes jurisdicción exclusiva para conocer de infracciones al Artículo 263 del Código Penal cuando concurrieren los demás requisitos procesales expresados en la ley; que esto explica por qué el límite de su aplicación a menores de 16 años pues la jurisdicción de tales cortes estaba limitada a niños menores de 16 años de edad; que dado el avance que venía realizándose en la legislación sobre los hijos naturales e ilegítimos no está justificado concluir que al aprobar la Ley 108 el legislador tuvo la intención de derogar la aplicabilidad del Artículo 263 a los casos de abandono de hijos ilegítimos de 16 a 21 años de edad; que tal interpretación está en pugna con la política consistente de la Legislatura de igualar en todas las formas posibles a los hijos ilegítimos con los legítimos.

Alega, además, el Procurador General que la Ley 108 no enmienda el Artículo 263 ni expresa ni tácitamente pues no son ni incompatibles ni irreconciliables ni existe una intención legislativa de derogar tan clara que no quede lugar a a dudas de tal intención. *Rivera* v. *Corte*, 39 D.P.R. 794 (1929); *Portela* v. *Registrador*, 22 D.P.R. 86 (1915); *Georgia* v. *PA. R. Co.*, 324 U.S. 439, 89 L.Ed. 1051 (1945); *West India Oil Co. (P.R.)* v. *Domenech*, 311 U.S. 20, 85 L.Ed. 16 (1940); *U.S.* v. *Borden Co.*, 308 U.S. 188, 84

L.Ed. 181 (1939); *Purdy* v. *U.S.*, 146 F. Supp. 762 (1956); *Jones* v. *Sharyland Independent School Dist.*, 239 S.W.2d 216 (1951); *Moncus* v. *Raines*, 194 S.W.2d 1 (1946); 50 Am. Jur. Secs. 534 a 538 incl. y 561, 563, 564; *Crawford Statutory Construction*, Sec. 2014, Monografía en 20 L. E. 235.

Por último se señala que las adiciones por vía de enmienda realizadas por el Senado a su propio proyecto de la Ley 108, de las frases "aceptará o no la paternidad" y "Si la aceptare" en la sección 4 del proyecto; de la frase "y hubiera aceptado la paternidad" en la sección 5; y de la frase "hubiere aceptado la paternidad del menor fuere" en la sección 6 de dicho proyecto, indican un propósito legislativo, indubitable, de limitar la aplicabilidad de la Ley 108 a los casos en que se acepta por el padre la paternidad. ■

Si el P. del S. 82 hubiera sido aprobado en su redacción original sus efectos hubieran sido trasladar *totalmente* a la jurisdicción exclusiva de las Cortes para Niños las violaciones al Artículo 263 del Código Penal por padres de hijos ilegítimos menores de 16 años, tanto cuando dichos padres aceptaran la paternidad en contestación al requerimiento que se les hiciera, como cuando la negaren. Como resultado se habría quedado en los tribunales ordinarios la jurisdicción para entender en violaciones al artículo 263 por padres de hijos ilegítimos mayores de 16 años de edad. ■

Con las enmiendas introducidas, en cambio, el traslado de jurisdicción quedó reducido aún más, para incluir solamente los casos en que se hubiera aceptado la paternidad y en los casos en que ésta se hubiera negado, la jurisdicción se quedaría en los tribunales ordinarios, *Pueblo* v. *Emanuelli*, 61 D.P.R. 209 (1942), no hasta los 16 años, sino hasta los 21. Aquél que niega la paternidad es llevado ante los tribunales ordinarios, no porque viole disposiciones de la Ley 108, que es un estatuto de naturaleza procesal, sino porque viola el Artículo 263 del Código Penal, que es una disposi-

ción de ley sustantiva. No acertamos a comprender cómo puede alegarse que quien prefiere libremente rechazar el vehículo procesal que la Ley 108 le ofrece, también quede liberado de su responsabilidad criminal sustantiva por descuido de su obligación de alimentar a sus hijos ilegítimos mayores de 16 años de edad. Recuérdese que esta ley, como las muchas otras de igual naturaleza que hemos mencionado, procura el bienestar de los hijos menores de edad y se aprobó para su beneficio, y no para el de sus padres negligentes.

Nos queda por considerar lo dicho por este Tribunal en el caso de *Rosario* v. *Suárez*, supra, con respecto al alcance de la Ley 108. En este caso se trataba de una acción civil sobre reconocimiento limitado de hijos naturales y alimentos. Se señaló como error la condena de pasarle alimentos a un niño mayor de 16 años porque de acuerdo con la sección 1ra de la Ley 108 la obligación del padre o madre de pasar alimentos a los hijos ilegítimos ha quedado limitada a aquéllos que sean menores de 16 años. Este Tribunal resolvió que no era así, añadiendo: —67 D.P.R. 589, pág. 593.

"... Lo que ha hecho la Asamblea Legislativa es limitar la acción penal contra el padre o la madre, por violación de la Ley Núm. 108 de 1940, cuando se trata de abandono de hijos ilegítimos, reconocidos o no, menores de dieciséis años de edad. Esto no significa, sin embargo, que la reclamación civil de alimentos, en acción aislada o formando parte de una demanda de filiación, no proceda por los hijos ilegítimos, mayores o menores de dieciséis años de edad, de acuerdo con el derecho que les reconoce el artículo 128 en relación con el artículo 143 del Código Civil. Se limitó la acción penal pero no la civil y ya hemos resuelto en un caso sobre la misma materia y siguiendo jurisprudencia de California, que 'las disposiciones de la ley civil sobre la materia en nada influye en la interpretación que debe darse al estatuto criminal'. ... Por razones que desconocemos, pero que creyó justificadas, el legislador limitó la acción penal contra los padres a los casos por abandono de sus hijos ilegítimos menores de dieciséis años de edad."

El recurrido sostiene, a base de lo resuelto en el caso de *Rosario*, supra, que no ha infringido el Artículo 263 del Código Penal porque su obligación de pasar alimentos a su hijo menor ilegítimo cesó por haber éste cumplido 16 años de edad. No tiene razón el recurrido ya que el referido *dictum* en el caso de *Rosario*, supra, se refiere a los casos que se rigen por la Ley Núm. 108, o sea a aquéllos en que requerido el supuesto padre, éste acepta la paternidad del hijo ilegítimo menor de diez y seis años.

Por las razones relacionadas previamente, creemos que existe justificación para concluir y decidimos que procede la acción penal bajo el referido Artículo 263 por abandono de menores ilegítimos, de 16 años de edad o mayores. ▄▄▄

Se desprende de la relación de hechos transcrita precedentemente que en la primera ocasión al recurrido se le requirió bajo las disposiciones de la Ley 108 y ante su negativa de reconocer la paternidad, se le enjuició en los tribunales ordinarios y, encontrado culpable, se le impuso una multa de $15 que satisfizo. El presente procedimiento tuvo su origen en una segunda acusación por infracción del Artículo 263 del Código Penal, sin que mediara requerimiento previo alguno por ser éste innecesario ya que tal requerimiento se había realizado en el proceso anterior. No entra en juego la Ley 108 con la limitación de 16 años a que alude el recurrido pues, como hemos concluido, dicha ley y su referida limitación es determinante sólo cuando el supuesto padre reconoce al hijo ilegítimo al requerírsele para ello, de acuerdo con la Ley 108, quedando en tal caso limitada la obligación del padre de proveer alimentos a su hijo ilegítimo hasta que éste cumpla 16 años y, por consiguiente, quedando limitada en igual forma en ese caso la acción penal que se provee. El Artículo 263 del Código Penal que no provee tal limitación de edad, incluye el abandono de los hijos ilegítimos, pudiéndose establecer la paternidad de los mismos en dicho procedimiento. *Pueblo* v. *Avilés*, 66 D.P.R.

290 (1946); *Pueblo* v. *Emanuelli,* supra; y *Pueblo* v. *López,* supra.(³)

*Se revoca la resolución del Tribunal Superior, Sala de San Juan, de 12 de septiembre de 1960, y se deja en todo su vigor la resolución del Tribunal de Distrito, Sala de Río Piedras, de 30 de septiembre de 1958.*

---

(³) A los efectos de una mayor claridad se ha hecho referencia en esta opinión a) a la distinción que existía antes de la Ley de la Judicatura de 1950 entre las distintas cortes constituidas en Puerto Rico, no obstante que a partir de la aprobación de la referida ley, tales distinciones han desaparecido—Ley Núm. 11 de 24 de julio de 1952—4 L.P.R.A. sec. 1; y b) a la designación de hijos ilegítimos, reconociéndose que por disposición de la Ley Núm. 229 de 12 de mayo de 1942, son naturales todos los hijos nacidos fuera del matrimonio con posterioridad a la fecha de la vigencia de dicha ley, independientemente de que sus padres hubieran podido o no contraer matrimonio al tiempo de la concepción de dichos hijos—21 L.P.R.A. sec. 501.