# 95 DTA 28

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII - REGION JUDICIAL CAROLINA Y FAJARDO

JESUS DAVID DOBLE ROMAN
Demandante-Peticionario

v.

GLORIA L. RIVERA MARCANO
Demandada-Recurrida de Carolina

Núm. KLCE-95-00027

San Juan, Puerto Rico, a 17 de marzo de 1995

Panel integrado por su presidenta, Juez López Vilanova,

y los Jueces Fiol Matta y Rodríguez Maldonado

Fiol Matta, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El demandante-peticionario, Jesús David Doble Román, recurre por derecho propio de una resolución emitida en cámara el 30 de agosto de 1994 por el Tribunal Superior, Sala de Carolina, que le ordenó el pago de $75.00 a la demandada por concepto de honorarios de abogado. El 11 de octubre de 1994 se archivó en autos la notificación formal denegando la moción de reconsideración solicitada por el peticionario y el 24 de enero de 1995 el tribunal de instancia notificó la denegatoria de una segunda petición de reconsideración instada por el recurrente.

En su recurso, el señor Doble Román alega que la fijación de honorarios de abogado a favor de la parte demandada fue injusta y contraria al artículo 22 de la Ley de Sustento de Menores, Ley 5 de 30 de diciembre de 1989, 8 L.P.R.A. 521. A esos efectos, indica que como la vista celebrada en cámara el 30 de agosto de 1994 no tuvo como objeto ni la fijación ni la modificación de la pensión alimenticia, no procedía la imposición de honorarios de abogado de acuerdo al citado artículo de la Ley de Sustento de Menores.

Surge de los autos que el 15 de junio de 1994 el peticionario presentó una moción por derecho propio en el tribunal de instancia para que éste ordenara a la parte demandada-recurrida, señora Rivera Marcano, reembolsarle la cantidad que el señor Doble Román había aportado al plan médico de los hijos de ambos, el pago del cual, según dicha parte, era responsabilidad de la demandada. A la vista señalada para el 30 de agosto de 1994 compareció la señora Rivera Marcano representada por abogado y el peticionario, por derecho propio.

El artículo 22 de la Ley de Sustento de Menores, *supra*, le requiere al tribunal la imposición al alimentante del pago de honorarios de abogado a favor del alimentista en ciertas circunstancias, siempre que prevalezca el alimentista, *"[e]n cualquier procedimiento bajo este Capítulo para la fijación o modificación de una pensión alimenticia...."* 8 L.P.R.A. 521(1) A tenor con la citada disposición, es tan sólo en los casos en que el procedimiento es para la fijación *"provisional"* de una pensión alimenticia, que la imposición de los honorarios de abogado al alimentante se refiere a la sana discreción del tribunal.

En el caso ante nos, se trató de un procedimiento para modificar una pensión alimenticia ya establecida por el tribunal, puesto que el pago de un plan médico es parte del concepto de *"alimentos"*. El Art. 142 del Código Civil, 31 L.P.R.A. 561, define *"alimentos"* como *"todo lo que es indispensable para el sustento, habitación, vestido y **asistencia médica**, según la posición social de la familia"*, así como *"la educación e instrucción del alimentista, cuando es menor de edad"* (énfasis suplido). Asímismo, y antes de que entrara en vigor la Ley de Sustento de Menores, el Tribunal Supremo había declarado que el concepto de alimentos cubre también los honorarios de abogado de los menores en acciones para reclamar alimentos, sin que sea necesario que el demandado actúe con temeridad al defenderse de la reclamación. *Guadalupe Viera v. Morell,* 115 D.P.R. 4 (1983)█

Cuando los procedimientos tratan sobre la modificación de una pensión, el tribunal debe imponerle al alimentante los honorarios de abogado sólo si el alimentista prevalece. Un examen de la minuta levantada sobre los incidentes de la vista del 30 de agosto de 1994, revela que el tribunal no le concedió al alimentante el reembolso de los pagos hechos al plan médico de los niños ni ordenó la terminación del plan médico provisto por el peticionario. Por ello, procedía la imposición al peticionario de los honorarios de abogado a favor de la parte recurrida.

Por todo lo anterior, se deniega la expedición del auto de *certiorari* solicitado.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 28

**1.** Seguramente, la ley permite la discreción del tribunal en aquellos casos en que la pensión alimenticia se fija en forma provisional debido a que en esa etapa, el tribunal no cuenta con toda la prueba sobre las necesidades del alimentista y las posibilidades del alimentante.

**2.** Véase también *Conesa v. Corte,* 72 D.P.R. 68 (1951); *Rosario v. Suárez,* 67 D.P.R. 589 (1947); *Valdéz v. Tribunal de Distrito,* 67 D.P.R. 310 (1947).