# 99 DTA 149

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON

ROSA ROSADO RAMOS
Demandante-Recurrida

v.

FELIX RODRIGUEZ LOPEZ
Demandado-Recurrente

Núm. KLCE-98-01306

San Juan, Puerto Rico, a 10 de mayo de 1999

Panel integrado por su Presidente, el Juez Gierbolini,
la Juez Hernández Torres y el Juez Cordero

## TEXTO COMPLETO DE LA RESOLUCION

El Sr. Félix Rodríguez López acude a este Tribunal y solicita la revisión de la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 23 de noviembre de 1998 y notificada el 3 de diciembre del mismo año, que declara Sin Lugar una solicitud de relevo y/o eliminación de pensión alimentaria.

El recurrente Rodríguez López plantea que el Tribunal *a quo* erró en su determinación, ya que la prueba demostró que ninguno de los dos alimentados estudia a tiempo completo y que ambos generan ingresos suficientes para cubrir sus necesidades. Además, de que uno de los alimentados hace vida consensual, a parte, con una joven con la cual procreó una hija.

Luego de analizar los hechos del caso, la ley y la jurisprudencia aplicable, procedemos a DENEGAR la expedición del recurso de *Certiorari*.

### I

El Artículo 146 del Código Civil, 31 L.P.R.A. Sección 565, establece lo siguiente:

*"La cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo."*

Lo dispuesto en el artículo antes citado es principio general de nuestro ordenamiento jurídico. La cuantía de los alimentos debe ser proporcional al estado de necesidad del alimentista y a la condición económica del alimentante obligado, *Guadalupe Viera v. Morell,* 115 D.P.R. 4 (1983).

El Tribunal Supremo de Puerto Rico reconoce que una estipulación entre las partes de un pleito, incluyendo aquellas referentes al pago de pensiones alimentarias en un divorcio por consentimiento mutuo, tiene la consecuencia de un contrato de transacción, *Magee v. Alberro,* **90 J.T.S. 61** (1990). Sin embargo, la jurisprudencia también ha reconocido la facultad judicial de modificar los decretos judiciales previos sobre pensiones alimentarias según lo requieran los cambios en las circunstancias que así lo ameriten, *Valencia v. Riollano, Ex-parte,* 116 D.P.R. 909 (1966). Una sentencia sobre estipulación de alimentos nunca constituye cosa juzgada y puede ser revisada por el tribunal cada vez que ocurran cambios sustanciales en las circunstancias, *Negrón Rivera y Bonilla, Ex-Parte,* 120 D.P.R. 61 (1987).

No obstante, el Artículo 19 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. Sección 518 (según enmendada), establece, entre otras cosas, lo siguiente:

*"Se dispone, además, que toda orden de pensión alimentaria será revisada y modificada cada tres años desde la fecha en que la orden fue establecida o modificada, en caso de que se presente una solicitud de revisión y modificación por el alimentante, alimentista, la Administración, o cualquier otra agencia Título IV-D cuando exista una cesión de derecho a tenor con la sec. 508 de este título.*

*El Administrador o el tribunal, a solicitud de parte o a su discreción, podrá iniciar el procedimiento para revisar o modificar una orden de pensión alimentaria en cualquier momento y fuera del ciclo de tres (3) años, cuando entienda que existe justa causa para así hacerlo, tal como variaciones o cambios significativos o imprevistos en los ingresos, capacidad de generar ingresos, egresos, gastos o capital del alimentante o alimentista, o en los gastos, necesidades o circunstancias del menor; cuando existan cualquier otra evidencia de cambio sustancial en circunstancias."*

Por consiguiente, en Puerto Rico toda orden de pensión alimentaria podrá ser revisada transcurridos tres años desde que la orden fue establecida o modificada, excepto en aquellos casos en que medien cambios significativos o imprevistos de alguna de las partes, o cuando fuera desconocida información pertinente al adoptar un acuerdo o emitir sentencia, siempre y cuando no fuera por culpa de la parte perjudicada.

El Tribunal Supremo ha señalado que la determinación final respecto a si se han dado los cambios sustanciales o circunstancias imprevistas y la capacidad del alimentante y del alimentista queda a la discreción del juzgador, *Rosario v. Suárez,* 67 D.P.R. 589 (1974); *García v. Acevedo,* 78 D.P.R. 611 (1955).

Por otro lado, el Tribunal Supremo de Puerto Rico ha reiterado que el peso de la prueba para establecer que existen circunstancias extraordinarias o imprevistas que ameritan un cambio en la pensión alimentaria, corresponde a la parte que reclama la modificación, *López v. Rodríguez,* 121 D.P.R. 23 (1988*); Negrón Rivera y Bonilla, Ex-Parte, supra.*

En el caso de autos, el Tribunal de Primera Instancia determinó que no tuvo ante sí evidencia suficiente para establecer la presencia de cambios sustanciales, significativos o imprevistos que posibilitan la consideración de la modificación de la pensión alimentaria en controversia.

En ausencia de pasión, prejuicio o error manifiesto, no intervendremos con la apreciación de la prueba realizada por el tribunal sentenciador.

## II
Por los fundamentos antes expuestos, DENEGAMOS la expedición del auto de *Certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General